## Detoro *v.* Pittston et al., Appellants.

Argued November 25, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*W. L. Pace,* with him *Leo W. White* and *William H. Gillespie,* for appellants.

*Richard B. Sheridan,* with him *J. Justin Blewitt,* for appellee.

OPINION BY MR. JUSTICE PARKER, March 23, 1942:

Albert Detoro, claiming the rights of a civil service employee, sought by writ of mandamus to compel his reinstatement as a policeman in the third class city of

Pittston, from which position he had been discharged, without hearing, by resolution of city council. Defendants denied that plaintiff had acquired the status of a civil service employee. The court below directed a verdict for Detoro, finding that he was entitled to be reinstated and to receive $1,999.75, for loss of wages. A motion for a new trial was refused, the Superior Court affirmed the judgment, and defendants have appealed to this court. The improper exclusion by the trial judge of certain offers of evidence make it necessary to grant a new trial.

The civil service status of a policeman in a third class city is provided for by Article XLIV, §§4401-4409, of the Third Class City Law, Act of June 23, 1931, P. L. 932 (53 PS 12198-4401, et seq.). Section 4401 provides that "no person . . . may be appointed to any position whatever in the police department . . . without having first passed all the examinations hereinafter [thereinafter] provided for, and having been appointed in the manner and according to the terms and provisions and conditions of this [that] article." Section 4402 provides for the appointment of a civil service board of three members. Section 4404 requires the board to prepare and adopt rules "best adapted to securing the best service for the public. Such rules and regulations shall provide for ascertaining and determining, so far as possible, the physical qualifications, habits, reputation, standing, experience and education of all applicants for such positions, respectively." The act also contemplates that the applicants shall be graded by percentages. Section 4406, printed in the margin,* provides for keeping of records,

---

\* Section 4406: "Said boards shall make and keep, in numerical order, a list containing the names of all applicants for civil service positions in said city who may pass the required mental and physical examinations. Where more than one person takes examinations for any of said positions at the same time, the names of all those successfully passing such examination shall be entered upon the list of eligible names in the order of their respective percentages, the highest coming first. The board shall furnish to council a certified copy of all

the furnishing by the board to council of lists of and cer-
tificates for eligibles and the method to be followed in
filling vacancies.

Since plaintiff had the affirmative of the issue, it is
obvious that the burden was on him to show that he had
title de jure to the position. This necessitated proof that
he had been appointed in compliance with the applicable
civil service law. On trial plaintiff undertook to sustain
that burden. He offered minutes of council showing the
appointment of three persons with proper qualifications
to act as a board, the oaths of office of the members of the
board, a certificate from the board to council in this
form: "Pittston, Pa., February 10, 1936. To the Mayor
& Council, of the City of Pittston, Pittston, Pennsyl-
vania. Gentlemen: We hereby certify that Albert Orr,
Robert Galavage, Albert Ditoro, Nicolas Sossong, Peter

---

lists so prepared and kept. Wherever any vacancy shall occur in any
civil service position in said city, the city council shall make written
application to the president of the proper board, who shall forthwith
certify to the city council, in writing, the four names on the list of
applicants for such position having the highest percentage. Thereupon
the director of the department in which such appointment is to be
made shall nominate to the city council one of the four persons whose
names are submitted to fill such positions. If the city council approves
such nomination, the person nominated shall be appointed to fill such
vacancy, and shall be assigned for service in the department. If the
council does not approve such nomination, then the director of the
department in which such appointment is to be made shall submit an-
other nomination for such position from the remaining three names,
and if such nomination is not approved by the council, he shall submit
the third name, and if such nomination is not approved, he shall sub-
mit the fourth name. The person of the four submitted whose nomina-
tion by the director is approved by the city council shall be appointed
to fill such a position in the department or as building inspector. In
all cases the boards may recommend those in the employ of a depart-
ment for promotion in case the person recommended is competent for
the higher position. The name of the person so appointed shall be
immediately stricken from the list of said board, and the names of the
three rejected persons shall immediately be restored to their proper
place in said list: Provided, however, That if the name of any appli-
cant has been submitted to the said council and been rejected three
times, then such name shall be stricken from the eligible list."

Munley, Joseph Delaney, George Daley, Herbert Connors, and Angelo DeSanto, have been examined by us, and that they have passed the required mental and physical examination for the position of policeman. Yours respectfully, E. R. Myers, M. D. Peter Minichello Frank Earley Civil Service Examining Board, Pittston, Pa.", and a minute of an adjourned meeting of council held February 11, 1936, as follows: "Be it resolved, by the City Council of the City of Pittston: That the following persons, whose names have been submitted and nominated by the Mayor acting in his capacity as Superintendent of the Department of Public Affairs, for the appointment as police officers of the City of Pittston, be and they are hereby appointed as police officers of the City of Pittston: Albert Orr, Robert Galavage, Nicholas Sossong, Albert Detoro, and Peter Munley, the aforesaid appointments to become effective February 15th, 1936. On motion of Mr. Gallagher, seconded by Mr. Seibel, the resolution was adopted by an unanimous vote on roll call." Plaintiff then offered evidence tending to show that he entered on the duties of a policeman and continued as such until he was discharged April 18, 1938, by resolution of council without charges made against him and without hearing.

It was assumed that those proofs made out a prima facie case and defendants then undertook the burden of showing certain particulars wherein there had not been a compliance with the civil service law. Defendants called as a witness Frank Earley, a member of the board, and made offers of proofs intended in general to show what actions were taken by the board, what records were made by the board as an examining authority, what lists of eligibles were submitted to council and the manner in which the board conducted the examination.

The substance of the offers made was to prove by the witness Earley that he came to the city hall in the City of Pittston on the afternoon of February 10, 1936, after council had adjourned, that the persons named in the

certificate from the board to council were already present, that the certificate had then been prepared, that it was presented to him and signed by him before any examination of the applicants was held, that the civil service board did not hold an organization meeting and did not prepare and adopt rules and regulations to govern selections and appointments, that nothing was done so far as the board was concerned toward publicizing the fact that examinations would be held or toward securing by publication or otherwise applicants for examination, that the only effort made to comply with the law was that the witness prepared a set of eight questions which were submitted to the applicants in writing and answered by them, that no grades were entered on the papers, that the papers were not rated by percentages, that no eligible list was prepared and none was retained by the board, that no investigation was made as to the qualifications of the candidates, that no effort was made to ascertain the habits, reputation, standing, experience or education of the applicants, and that the board did not make or keep in numerical order a list of the applicants who passed the examination. It is the contention of appellee, which contention was supported by a majority of the common pleas court sitting in banc, that the records presented by him are conclusive proof of his status as a civil service employee and may not be contradicted by oral testimony, that certain of the provisions of the statute are directory merely and not mandatory, and that the defendants are estopped from questioning the appointment at this late date.

The evidence offered by defendants should not have been rejected. If the offer had been made good, the issue would have been for the jury and not for the court. It is a positive mandate of Article XLIV of the Third Class City Law that no person shall be appointed to any position in the police department who has not passed the examinations provided for and "been appointed in the manner and according to the terms and provisions and

conditions of this [that] article." The proofs offered, taken with plaintiff's evidence, go much farther than offers to prove minor departures from the literal provisions of the article. The evidence offered would show, if believed, that there had been an utter disregard of primary and essential requirements. We said in *McCartney v. Johnston*, 326 Pa. 442, 446, 191 A. 121: "So that purpose [of civil service laws] may be realized, the statutory provisions regulating appointments call for strict compliance with the terms of the acts." Permanency of tenure applies only to those who have appointments in compliance with the law. It is a condition precedent to permanency that the conditions of the article be followed, for otherwise the quality of public service would be impaired rather than promoted.

If the offers were made good and taken in connection with plaintiff's proofs, it would appear that the proceedings of the board were conducted with undue haste and in total disregard of the duties prescribed by Article XLIV, that the board adopted no rules and regulations, that the certificate was prepared in advance and was signed by at least one of the board before the examination, such as it was, was given, that no inquiries were made as to the habits, reputation, standing, experience or education of the applicants, that the parties were given no grades and were not ranked, that the certificate did not give and could not truthfully have given any ranking so that council did not have the information essential to a choice on the basis of merit. It would also appear that council did not follow the prescribed procedure in filling the vacancies and that they could not follow the prescribed procedure since the board did not rank the applicants.

The legislature has declared in unmistakable terms that merit ascertained in a manner prescribed shall govern appointments to the police department and has formulated and announced the public policy of the state in that respect. An administrative officer is not per-

mitted to violate such declared policy and no court may sanction its violation. An employment which in its inception violates such an act as this is illegal and against public policy and it is the duty of the administrative officers of the state or its civil subdivisions to discontinue any illegal employment when they note its illegality. The illegality should not go unchallenged. In such a case the defense is not waived by the action of the representatives of the municipality.

We have no doubt of the admissibility of the evidence offered. The certificate given by the board was but prima facie proof and furnished only a rebuttable presumption. Plaintiff relied largely upon the principle announced in *Geiser Mfg. Co. v. Frankford Twp.*, 40 Pa. Superior Ct. 97, and *Whitehead v. School Dist.*, 145 Pa. 418, 429, 22 A. 991, to the effect that the minutes of a public body are conclusive evidence, "unless the board may be shown to have acted corruptly or in bad faith, and to have clearly abused its powers." We find no fault with the general principle there declared, but it is not applicable in a situation such as is present here. The proofs offered do not contradict, but only explain, the certificate and, in any event, the principle would not be applicable to a situation where, as here, the alleged action of the board and perhaps that of council too would amount to a fraud upon the public and clear abuse of powers. The burden of showing compliance with the civil service law is on plaintiff. His proofs merely require defendants to go forward with evidence bearing on the subject of compliance. When those proofs are made the burden still rests on plaintiff and the question will be for the jury.

Finally, it was held by the Superior Court that under §4408 he could be removed "only if found guilty, after hearing before city council, of charges made against him 'for misconduct, or violation of any law of this Commonwealth, any ordinance of the city or regulation of the department,' " and it cites in support of this conclusion *Seltzer v. Reading*, 340 Pa. 573, 17 A. 2d 872. Section

4408 provides only for the suspension or discharge of employees charged with some misconduct. Here the pleadings and proofs are void of any charge of misconduct upon the part of the employee. It is not even suggested that plaintiff has done any wrong. Since he is not charged with any dereliction of duty there would be no occasion for a hearing and it would be idle to hold one. The basis for the discharge alleged by defendants is that plaintiff never acquired the status of civil service.

In the Seltzer case judgment was entered for plaintiff employee on a demurrer to defendant's return to a writ of mandamus for the reason that the allegations of the petition were not sufficiently denied. There was a vague allegation that plaintiff had secured his appointment by fraud. We said we would disregard that "indefinite and uncertain allegation" for the reason that in case of misconduct by the employee he could be removed only after charges made and hearing before council. There being no charge against plaintiff or any claim of misconduct the Seltzer case has no application.

Judgment reversed with a venire facias de novo.