Kusza *v.* Maximonis et al., Appellants.

Argued November 15, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*B. V. O'Hare,* with him *M. V. McGuire,* for appellants.

*James J. Gallagher,* with him *Gallagher & Gallagher,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, January 3, 1950:

John Kusza and Adam Chonskie, policemen of the Borough of Shenandoah, claiming to have been illegally furloughed, instituted separate mandamus actions against William Maximonis, et al., Borough Councilmen, to compel their reinstatement and for back pay. Motions for judgments on the pleadings in favor of defendants were overruled and a peremptory writ of mandamus directed to issue in each case commanding reinstatement and payment of back salary. Defendants appealed in each case. The appeals were argued together and will be disposed of in one opinion.

The complaints averred, and the answers admit, that appellees were furloughed in violation of the seniority requirements of section 1184 of the Act of May 4, 1927, P. L. 519, as amended by the Act of July 10, 1947, P. L.

1621, section 39, 53 PS 13300.20. It is contended, however, in support of the motions for judgment, that the statute provides for a hearing before the Civil Service Commission, with right of appeal to the courts, and that appellees' failure to avail themselves of this method of trial required that their complaints be dismissed and judgments entered in favor of appellants.

Section 1184 of the Act of 1927, as amended, prohibits the suspension, removal or reduction in rank of any person employed in any police or fire force of any borough, except for one or more of the six enumerated reasons,[1] and provides for a written statement of charges to be furnished to the employe within five days after the same are filed. The same section of the Act then sets forth the procedure to be followed when a reduction in the total number of employes is deemed necessary for reasons of economy or other reasons, providing that the reduction shall be made by first retiring employes eligible for retirement who are sixty-five years of age or over, and if there is an insufficient number of such employes to effect the necessary reduction, by furloughing the man or men, including probationers, who were last appointed, commencing with the last man appointed. Section 1185 of the Act, as amended, provides for a hearing before the Civil Service Commission, if demanded by "the person suspended, removed or reduced in rank", and "In the event the commission shall sustain the charges and order the suspension, removal or reduction in rank", provides for an immediate right of appeal to

---

[1] "(1) Physical or mental disability affecting his ability to continue in service, in which cases the person shall receive an honorable discharge from service, (2) neglect or violation of any official duty, (3) violation of any law of this Commonwealth, which provides that such violation constitutes a misdemeanor or felony, (4) inefficiency, neglect, intemperance, disobedience of orders, or conduct unbecoming an officer, (5) intoxication while on duty, (6) engaging or participating in conducting of any political or election campaign otherwise than to exercise his own right of suffrage. . . ."

the common pleas. No such provison is made, however, in the case of persons furloughed to accomplish a reduction in total number of employes, as provided in the preceding section of the statute.

The gist of appellants' argument is that despite the plain and unambiguous language of the Act, the legislature must have intended to provide for a hearing before the Civil Service Commission in cases of employes furloughed for economic reasons, as well as in cases of suspension, removal or reduction in rank, and that the court, by interpolating the words "furloughed" and "furlough", as necessary, should have so construed section 1185 to effectuate such supposed legislative intention. This the court below properly refused to do. In construing a statute, the court must ascertain and give effect to the legislative intention as expressed in the language of the statute, and cannot, under its powers of construction, supply omissions in a statute, especially where it appears that the matter may have been intentionally omitted: *Commonwealth ex rel. Cartwright v. Cartwright et al.,* 350 Pa. 638, 645, 40 A. 2d 30. See also Statutory Construction Act of 1937, P. L. 1019, sections 33,[2] 51,[3] and 52,[4] 46 PS 533, 551, 552. The Act specifically provides for hearing before the Civil Service Commission in three situations only, namely, suspension, removal and reduction in rank, and the reason for omitting so to provide in cases of employes furloughed to accomplish a reduction in total number of employes, made necessary by economic reasons, is obvious. In such cases, since

---

[2] "Words and phrases shall be construed according to rules of grammar and according to their common and approved usage. . . ."

[3] "When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

[4] "In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others: (1) That the Legislature does not intend a result that is absurd, impossible of execution or unreasonable. . . ."

there are no charges against the employe or employes involved, there would be no occasion for a hearing, and it would be idle to hold one. See *Detoro v. Pittston,* 344 Pa. 254, 262, 25 A. 2d 299; *Petrillo v. City of Farrell,* 345 Pa. 518, 29 A. 2d 84.

There is no provision in the statute for a hearing before the Civil Service Commission in cases of furloughed employes, and therefore the rule of law that would require appellees to avail themselves of such remedy as the exclusive method for the enforcement of their rights, if the statute so provided, can have no application.

Judgments affirmed at cost of appellants.