Karen Wister Kearns, Appellant *v.* Lower Merion School District, Appellee.

Argued October 9, 1975, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

*Richard W. Rogers,* with him *Rogers, King & Daniels,* for appellant.

*Charles Potash,* with him, of counsel, *Wisler, Pearlstine, Talone, Craig & Garrity,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., October 31, 1975: Karen Wister Kearns (Appellant) appeals from an opinion and order of the Court of Common Pleas of Montgomery County affirming an adjudication of the

Lower Merion School District Board of Directors which terminated her as a temporary professional employee in view of her failure to report for work at the commencement of the 1973-74 school year. We have carefully scrutinized the record before us and conclude, as did the lower court, that the adjudication should be affirmed. Judge TREDINNICK has most ably presented both the facts and the law in his opinion below and for that reason we adopt that opinion which follows.

"On October 15, 1973, the Lower Merion (Montgomery County) School Board terminated appellant's employment with the School District as a 'temporary professional employe.' One month thereafter appellant brought an action in this court seeking reinstatement, asserting that the dismissal occurred without affording her a hearing before the Board. The action was voluntarily discontinued when appellant was granted such a hearing, held on January 30, 1974. On May 20, 1974, the Board issued an adjudication which confirmed the termination of employment. Pursuant to the Local Agency Law of December 2, 1968, P.L. 1133, §1 et seq. (53 P.S. 11301 et seq.), appellant appealed to this court. After consideration of briefs, the record and argument, we dismissed the appeal and affirmed the Board's adjudication per an order dated September 25, 1974. Appellant's appeal to the Commonwealth Court necessitates this opinion.

"The record of the hearing before the Board fairly establishes the following facts: On October 21, 1971, Ms. Kearns submitted an employment application seeking a teaching position with the School District. The application required the applicant to state whether or not she was suffering from 'any chronic disease or ailment' and whether she had 'ever been under treatment for any mental, nervous or physical disability during the past two years.' These questions were answered in the negative. In fact, since 1970 she had undergone treatment to correct a malady in her right lung. Ms. Kearns was

hired in January, 1972, as a permanent substitute. In September, 1972, she became a 'temporary professional employe' as defined in §1101(3) of the Public School Code of March 10, 1949, P.L. 30, as amended (24 P.S. 11-1101(3)).[1]

"While still a substitute teacher, appellant developed an infirmity in her left lung, causing her absence during a portion of the school year. Her lung disorders persisted the following school year, resulting in further missed time. The condition was aggravated by an in-school accident February 28, 1973, in which she was hit in the chest by a fire door.

"Subsequent to the 1972-1973 school year, appellant went to Arizona for treatment of her lungs. She returned August 14, 1973, and met with Thomas M. Forbes, Assistant to the Superintendent for Personnel for the School District. At this time, she requested an unpaid medical leave of absence to enable her to return to Arizona and obtain treatment from a lung specialist. Mr. Forbes informed appellant that her request must be acted upon by the School Board, which could not consider the matter before its next regular monthly meeting on September 17, 1973, a date subsequent to the opening of school for the 1973-1974 term. Ms. Kearns advised Forbes that her illness would prevent her attendance on opening day. She also indicated that, while in Arizona, she would seek employment. She requested a letter of recommendation be sent to a Mr. Lynch of the Alahambria School District, Phoenix, Arizona. This was done. In fact, appellant filed employment applications with two school districts in Arizona in August and September, and did do some substitute teaching there.

---

1. 'The term "temporary professional employe" shall mean any individual who has been employed to perform, for a limited time, the duties of a newly created position or of a regular professional employe whose services have been terminated by death, resignation, suspension or removal.'

"A written request for a leave of absence and a letter from appellant's physician supporting the necessity for such leave were received by Forbes shortly after the August 14 meeting. Thereafter, on August 29, appellant received a letter from Mr. Forbes stating that the Superintendent would not recommend the leave to the Board. This letter also stated that she would be considered for reemployment when her health improved, and that to receive her pension contributions she should submit a letter of resignation. There was no further communication between appellant and school officials prior to the beginning of the school term. She did not report to school on opening day.

"On October 23, 1973, Forbes wrote Ms. Kearns advising that the Board, at its October 15 public meeting, terminated her employment for her failure to report to school.

"Since a school district is a 'local agency' (Smethport Area School District v. Bowers, 219 Pa. Super. 269 (1971)), the Board's adjudication in the instant case is governed by the Local Agency Law, supra. Since a complete record of the proceedings before the Board was made and no additional testimony was taken before this court, the Board's adjudication must be affirmed unless: (1) appellant's constitutional rights have been violated; (2) the Board manifestly abused its discretion or committed an error of law; or (3) any finding of fact made by the Board and necessary to sustain its adjudication is not supported by substantial evidence. Acitelli v. Westmont Hilltop School District, [15] Pa. Cmwlt. [214], 325 A. 2d 490 (1974). See also §8(b) of the Local Agency Law, (53 P.S. 11308(b)).

"As we understand the rationale of the School District, its decision to terminate Ms. Kearns was based upon her failure to appear for duty at the commencement of the school year which it equates with an abandonment of the contract between the parties. It contends that it has

absolute discretion in respect to a request for a medical leave of absence, and that its final decision denying the request for such leave and confirming appellant's discharge was reached after according her due process of law. We agreed. The fact that the initial termination of the contract occurred without affording a hearing is immaterial, since a hearing was in fact subsequently held. See Johnson v. United School District Joint School Board, 201 Pa. Super. 375 (1963).

"Appellant's contentions are somewhat difficult to follow, however, they appear to be as follows: (1) the Board erred in receiving evidence concerning misstatements on appellant's original application for employment and the state of her health prior to and during the term of employment; (2) the finding by the Board that appellant repudiated her contract of employment by failing to report for duty was not supported by the evidence.

"As to the first issue, we note that §5 of the Local Agency Law (53 P.S. 11305) provides:

'Local agencies shall not be bound by technical rules of evidence at agency hearings, and all relevant evidence of reasonable probative value may be received. . . .'

The School District maintains that it was necessary to evaluate Ms. Kearns' medical history in order to fully and fairly determine whether she had abandoned her contract. In fact, if appellant's medical history had any relevance at all, it was that it tended to confirm what she admitted—that she was unable, for reasons of health, to commence her work at the beginning of the 1973-1974 school year. In view of the rationale of the District's decision, we considered the introduction of the disputed evidence to be surplusage. If error, its magnitude is certainly not such as to require a reversal, and the decision is amply supported by totally independent evidence.

"The second issue presents, in our judgment, not so much a question of the sufficiency of the evidence, as a question of whether the conclusion reached by the Board

was legally supportable. That is to say, the evidence clearly indicates that Ms. Kearns was not, or concluded she was not, for health reasons, able to teach here in Pennsylvania during that school year. It seems equally clear that she considered herself able to do so in Arizona. The issue then is not an evidence problem, it is whether under such circumstances, her failure to appear for duty may be considered by the Board, legally, as an 'abandonment' or 'repudiation' of her contract, for which she may be dismissed. We concluded that it may.

"Section 1154 of the Public School Code, supra (24 P.S. 11-1154) deals with medical absences. Subsection (a) thereof allows 10 days paid absence due to illness. Subsection (e) permits the District to adopt rules or regulations pertaining to leaves of absence in excess of that specifically authorized by section 1154 generally. This school district had adopted no such rules or regulations. Therefore, Ms. Kearns was not entitled, as a matter of right, to the requested one year medical leave of absence. Thus, the question of whether it should have been granted was a matter within the discretion of the District. That decision should not be disturbed, as it is not the function of the court to act as a 'super school board.' Zebra v. Pittsburgh School District, 449 Pa. 432, 437 (1972).

"Thus, Ms. Kearns' failure to report, though perhaps involuntary because of her physical problems, amounted to an abandonment of her contract. Furthermore, the fact that a medical leave request was pending at the commencement of the school year does not alter the situation. She was required to fulfill her duties until the application was granted. Sinton Case, 154 Pa. Super. 233 (1944).

"Since we found no abuse of Ms. Kearns' constitutional rights, no manifest abuse of discretion or error of law, and that the findings of fact were supported by substantial evidence, the adjudication was affirmed."

Affirmed.