William R. McLafferty, Appellant *v.* The Civil Service Commission of the Municipality of Penn Hills, Appellee.

Argued May 5, 1982, before President Judge CRUMLISH and Judges WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Anthony J. Martin, Martin, Durkin & Martin,* for appellant.

*Wayne DeLuca,* with him *Francis J. Carey,* and *Henry G. Beamer,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 10, 1982:

William McLafferty appeals an Allegheny County Common Pleas Court order which affirmed a decision of the Penn Hills Civil Service Commission to suspend him for three days from the police force. We affirm.

Working the early morning shift, McLafferty radioed headquarters requesting permission to take a meal break outside the Municipality's limits.[1] Under the instructions of the Patrol Sergeant, a civilian radio operator denied permission and ordered the officer to take his meal break within the Municipality. McLafferty acknowledged the transmission, then proceeded outside the limits for his break. McLafferty was suspended under the Municipality's Home Rule Charter.[2]

---

[1] McLafferty specifically requested to take his break at the Harley Hotel, an establishment located outside the Municipality's limits.

[2] Article XV, Section 5, Subsection A of the Home Rule Charter provides:

Except as otherwise provided in this Charter, no person in the Municipal Services shall be suspended, removed, demoted or reduced in rank, except for the following reasons:

. . .

4. Inefficiency, neglect, intemperance, immorality, insubordination, willful disobedience of orders, conduct unbecoming an employee or conduct reflecting discredit upon the Municipality and its government.

Our scope of review is limited by Section 8(b) of the Local Agency Law.[3] We must affirm the adjudication below unless constitutional rights have been violated, non-compliance with the provisions of the Local Agency Law has occurred in the proceeding before the Commission, an error of law has been committed, or the findings of the Commission are not supported by substantial evidence. *Strauss v. Civil Service Commission of Philadelphia,* 40 Pa. Commonwealth Ct. 560, 398 A.2d 1064 (1979). Questions of credibility arising in the Commission's hearings are to be determined by the Commission, and a reviewing court may not substitute its conclusions for those of the Commission. *Civil Service Commission of Philadelphia v. Saladino,* 47 Pa. Commonwealth Ct. 249, 408 A.2d 178 (1979).

McLafferty contends that, due to the ambiguity of the radio directive by a civilian operator[4] and the customary and permissible practice of Penn Hills officers to take their meal break outside the limits,[5] his suspension was unwarranted and unjustified. Both of these assertions are without merit. The radio message was patently clear: McLafferty was ordered not to take a meal break outside the Municipality. Any confusion created by receiving the order from a civilian operator or the change in custom could have been clarified by communications with headquarters.

---

[3] Act of December 2, 1968, P.L. 1133, *formerly,* 53 P.S. 11308, repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1429]. A similar section is found at 2 Pa. C.S.A. §754.

[4] McLafferty asserts that. since the message was transmitted by a civilian radio operator and not by the Police Communications Officer, he was confused as to its validity. The evidence supports no basis for this confusion.

[5] Specifically, at the Harley Hotel. *See* n. 1, *supra.*

Instead, McLafferty acknowledged the order and proceeded to disobey it by going to the Harley Hotel.

The Home Rule Charter provides for suspension of a police officer for "willful disobedience of orders" and "conduct unbecoming an [officer]."[6] The Commission's decision to suspend Officer McLafferty for failure to obey a direct order is based on findings supported by substantial evidence. We find no error of law or irregularity in the proceeding before the Commission and hereby affirm the lower court's affirmance of the Commission.

Affirmed.

### ORDER

The order of the Court of Common Pleas of Allegheny County, Case No. SA 1040 of 1980, dated March 23, 1981, is hereby affirmed.

---

[6] *In re Zeber's Appeal*, 398 Pa. 35, 42, 156 A.2d 821, 824-25 (1959), defines this conduct as "any conduct which adversely affects the morale or efficiency of the bureau. . . ."