In Re: Appeal of Ronald Herrington. Ronald Herrington, Appellant.

Argued March 3, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Ronald P. Koerner, Gatz, Cohen, Segal & Koerner,* for appellant.

*August C. Damian, Damian & DeLuca,* for appellee.

OPINION BY JUDGE BARBIERI, April 14, 1983:

This is an appeal from an opinion and order of the Court of Common Pleas of Allegheny County affirming a decision of the Personnel Board of the Municipality of Penn Hills (Board) which sustained the dis-

missal of Ronald Herrington (Appellant) from his position as a police officer for the Municipality of Penn Hills (Penn Hills). We affirm.

On July 22, 1981, Appellant was dismissed from the Penn Hills police force for engaging in conduct unbecoming a police officer,[1] a permissible ground for dismissal under both the provisions of Section 644 of The First Class Township Code (Code),[2] Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. §55644, and Article XV, Section 5(a)(4) of the Penn Hills Home Rule Charter.[3] The specific instances of misconduct underlying this charge, as set forth in Appellant's letter of termination, were (1) a May 24,

---

[1] Our Supreme Court defined unbecoming conduct in *Zeber Appeal,* 398 Pa. 35, 156 A.2d 821 (1959), as follows:

Unbecoming conduct on the part of a municipal employee, especially a policeman or fireman, is any conduct which adversely affects the morale or efficiency of the bureau to which he is assigned. It is indispensable to good government that a certain amount of discipline be maintained in the public service. Unbecoming conduct is also any conduct which has a tendency to destroy public respect for municipal employees and confidence in the operation of municipal services.

*Id.* at 43, 156 A.2d at 825; *Tomkiel v. Tredyffrin Township Board of Supervisors,* 64 Pa. Commonwealth Ct. 418, 440 A.2d 690 (1982).

[2] Section 644 of the Code provides, *inter alia,* that

[n]o person employed in any police or fire force of any township shall be suspended, removed or reduced in rank except for the following reasons:

. . .

(4) inefficiency, neglect, intemperance, disobedience of orders, or conduct unbecoming an officer. . . .

[3] Article XV, Section 5(a)(4) of the Home Rule Charter of Penn Hills provides in pertinent part as follows:

a. Except as otherwise provided in this Chapter, no person in the Municipal Career Service shall be suspended, removed, demoted or reduced in rank, except for the following reasons:

1981 incident in which Appellant allegedly kicked a Mr. Mark Cowell in the face and/or abdominal area while Mr. Cowell's hands were handcuffed behind his back, and (2) a May 30, 1981 incident in which Appellant allegedly threatened a Mr. Gary Binkley, a tenant in a building he owned, in the course of an argument with Mr. Binkley. Appellant subsequently requested, and received, a hearing on his dismissal before the Board. After reviewing the evidence adduced at this hearing, the Board found that Appellant had not threatended Mr. Binkley during their May 30, 1981 argument, and concluded that Appellant's conduct during this incident did not rise to the level of conduct unbecoming a police officer. With respect to the May 24, 1981 incident, however, the Board found "that on May 24, 1981, at approximately 4:30 A.M., the Appellant while off duty did in fact kick Cowell in the face and subsequently knee him three times in the abdominal area, all while Cowell was handcuffed." The Board then concluded that this incident rose to the level of conduct unbecoming an officer, and accordingly sustained Appellant's dismissal. The court of common pleas, without taking any additional evidence, affirmed this decision on appeal, and the present appeal followed.

Our scope of review in the present case is governed by the provisions of Section 754 of the Local Agency Law, 2 Pa. C. S. §754, and "[w]e must affirm the adjudication below unless constitutional rights have been violated, non-compliance with the provisions of the Local Agency Law has occurred in the proceeding before the [Board], an error of law

---

(4) inefficiency, neglect, intemperance, immorality, insubordination, wilful disobedience of orders, conduct unbecoming an employee, or conduct reflecting discredit upon the Municipality and its government.

has been committed, or the findings of the [Board] are not supported by substantial evidence." *Mc-Lafferty v. Civil Service Commission of the Municipality of Penn Hills,* 68 Pa. Commonwealth Ct. 632, 634, 450 A.2d 253, 254 (1982).

Here, Appellant alleges that the Board "abused its discretion" by finding that he had assaulted Cowell since the evidence presented against him at the hearing was contradictory. Specifically, Appellant alleges that the testimony of officers William P. Klobucher and William Markel should not have been believed since Officer Klobucher testified that he saw Appellant kick Cowell in the face, while Officer Markel testified that he saw Appellant knee Cowell in the abdominal area. Even a cursory review of the record, however, reveals that the testimony of these officers was not contradictory but instead was complementary since they were observing Appellant's handling of Cowell at different times. We believe this testimony clearly constituted substantial evidence in support of the Board's finding that Appellant both kicked and kneed Cowell.

Finally, Appellant alleges that the penalty imposed, his dismissal from employment, was too severe for the offense alleged, a physical assault of a handcuffed person. Suffice it to say that we do not believe that the Commission abused its discretion in affirming Appellant's dismissal in light of the serious nature of Appellant's misconduct.

## ORDER

Now, April 14, 1983, the order of the Court of Common Pleas of Allegheny County dated May 25, 1981, dismissing the appeal of Ronald Herrington from the decision of the Personnel Board of the Municipality of Penn Hills, is affirmed.