James F. Kazmarek, Appellant *v.* New Bethlehem Borough Council, Appellee.

20

Argued March 15, 1984, before Judges MacPhail, Barry and Blatt, sitting as a panel of three.

*P. Richard Wagner, Mancke, Lightman & Wagner,* for appellant.

*Chester H. Byerly,* for appellee.

Opinion by Judge Barry, July 13, 1984:

This appeal arises from an order of the Court of Common Pleas of Clarion County which sustained the dismissal of James F. Kazmarek (appellant), Chief of

Police of New Bethlehem Borough, by the New Bethlehem Borough Council (Borough Council), for conduct unbecoming an officer.

The appellant was employed as Chief of Police for New Bethlehem Borough for about four years and eight months. On August 16, 1982, he was suspended by the Mayor of the Borough and charged with conduct unbecoming an officer, conduct in violation of official duty and intemperate conduct. After he received notice of the charges appellant filed an answer which denied all allegations and requested a public hearing.

On September 2, 1982, and September 14, 1982, public hearings were conducted. On November 18, 1982, Borough Council removed appellant from his position as chief of police when it sustained the charge of conduct unbecoming an officer.[1] The Borough Council dismissed the charges of violation of official duty and intemperate conduct.

Appellant appealed this decision to the Court of Common Pleas of Clarion County. The trial court sustained the decision of the Borough Council. This appeal followed.

The dismissal of appellant stems from alleged improper remarks and solicitations made to various female members of the community. Appellant allegedly made improper advances to Miss Sherry Cumberland when he offered her gifts and promised repairs to her automobile. In return he allegedly asked three times to visit her at her apartment. Offended by these offers and phone calls, Miss Cumberland reported the incidents to Sergeant Smail of the New Bethlehem

---

[1] The Police Tenure Act, Act of June 15, 1951, P.L. 586, 53 P.S. §812, governs suspensions of tenured police officers in Second Class Townships. It permits the imposition of discipline for, among other things, "conduct unbecoming an officer." Proof of this conduct constitutes just cause for dismissal.

Police Department and Mayor Leach of New Bethlehem. The trial court found that Miss Cumberland had not encouraged the appellant to make these offers or phone calls.

Appellant allegedly made improper advances to Miss Tina Bish when he requested that she meet him at the police station for a late night date. On numerous occasions appellant allegedly stopped at Miss Bish's place of employment while he was on duty and suggested to Miss Bish that they could enjoy themselves together and requested that she accompany him to dinner. On three separate occasions appellant stopped Miss Bish in her car for speeding at points apparently three quarters of a mile to two and a half miles beyond the New Bethlehem borough line. On each occasion appellant did not give Miss Bish a written warning or file charges against her. Offended by appellant's conduct, Miss Bish reported these incidents to Borough Council President Joe Burns and Mayor Leach.

Appellant allegedly made improper advances and remarks to Mrs. Linda Wolfe. He allegedly physically nudged her and requested that she meet him for a two a.m. rendezvous at the police station. Later the same night, appellant reminded Mrs. Wolfe to meet him at the police station and told her not to tell anybody. The following day the appellant asked Mrs. Wolfe why she did not meet him the previous night. Mrs. Wolfe was frightened by appellant's remarks and requests; her fear was compounded because appellant had participated in the arrest of her husband who was then incarcerated in the Clarion County Jail. These incidents were reported by the probation officer of Mrs. Wolfe's husband.

Appellant claims the Borough Council was prejudiced because the president of Borough Council was the chief presiding officer on the judicial panel hear-

ing the charges against him and had been contacted before the hearing and given information regarding the allegations against the appellant. Appellant thus argues that the knowledge of the president of the council concerning the merits of the case casts doubt on the impartiality of the tribunal.

We disagree and follow the logic of *In Re: Appeal of Redo,* 42 Pa. Commonwealth Ct. 468, 401 A.2d 394 (1979). In *Redo,* the township board of supervisors determined that a police officer engaged in conduct unbecoming an officer. The police officer asserted that he had been denied due process because the township improperly commingled prosecutorial and adjudicatory functions. One township board member signed a letter which informed Mr. Redo of his suspension and another member signed a letter which notified him of his dismissal. We held that no bias existed because no member of the township board was the complainant nor prepared the charges against the police officer. We adopted the rationale of *Barr v. Pine Township Board of Supervisors,* 20 Pa. Commonwealth Ct. 255, 341 A.2d 581 (1975), where charges were filed by the chief of police and not by a township board member *directly involved* in the incident which resulted in the charge.

In the present appeal, we have a similar situation. The president of council was a member of the body which heard the case; however, he had not brought the charges against appellant. Rather, the Mayor of New Bethlehem brought the charges. We, therefore, conclude that the hearing was not biased because the member of Borough Council did not participate in filing charges against appellant.

Appellant next contends the trial court erred because it did not conduct a de novo hearing. Appellant, however, failed to request a de novo hearing and, therefore, waived his right to now object.

The third argument advanced by appellant is that the evidence was not clear and convincing to support his dismissal. Specifically, appellant argues that the borough council erred when it found he had solicited and requested sexual favors from these women since their testimony does not support such a finding. Appellant has erroneously characterized our scope of review. Where the trial court takes no additional evidence, our scope of review is the same as that of the trial court under Section 754(b) of the Local Agency Law, 2 Pa. C. S. §754(b). We must consider whether substantial evidence supported the findings, an error of law was committed or any constitutional rights were violated. *Kujawa v. City of Williamsport,* 67 Pa. Commonwealth Ct. 38, 445 A.2d 1348 (1982).

We believe that substantial evidence supports the findings and conclusions of Borough Council. To demonstrate ''conduct unbecoming'' a police officer, it must be shown that his conduct adversely affected the morale or efficiency of the police force or tended to destroy public respect for municipal employees and confidence in the operation of municipal services. *Appeal of Herrington,* 73 Pa. Commonwealth Ct. 421, 458 A.2d 320 (1983); *Zeber Appeal,* 398 Pa. 35, 156 A.2d 821 (1959). In essence, the evidence indicates that appellant made improper remarks and requests to three female members of the community. The women testified that they were of the opinion that the offers and requests were not made in jest. In our view, substantial evidence supports the finding that appellant engaged in conduct unbecoming an officer.

Appellant further contends that he should have been provided written statements and affidavits of witnesses prior to the Borough Council hearing and urges that the failure to permit discovery of the affidavits denied him a fair hearing. Although appellant noted an exception on the record at the borough

council hearing regarding this matter, he did not request a continuance, and did not make a motion to compel or request a continuance before the trial court. Nor did he ask the trial court for discovery. Because appellant failed to avail himself of the means to obtain the statements, the request was waived.

Finally, appellant argues that the borough council erred when it permitted testimony by two witnesses regarding publicly accepted standards of decency in the community. Appellant contends that no evidence was presented or a foundation laid for the two witnesses to indicate that they possessed any particular knowledge or expertise to qualify them to render an opinion on the standards of the community. Appellant also argues that the cases in which testimony has been admitted regarding community standards were cases where the policeman's unbecoming conduct was adultery and not the conduct complained of here.

Although local agencies, in hearing disciplinary matters, are not bound by technical rules of evidence, 2 Pa. C. S. §554, an adjudication cannot be based solely on evidence which is unfairly prejudicial to one of the parties. For instance, we have held that hearsay evidence can be admitted, but that an adjudication cannot be found entirely on hearsay. *Bleilevens v. Pennsylvania Civil Service Commission,* 11 Pa. Commonwealth Ct. 1, 312 A.2d 109 (1973). Assuming, arguendo, however, that it was error to admit the testimony of the witnesses regarding community standards of decency, it was not so prejudicial as to require reversal of the decision. Borough Council based its decision on amply supported, independent evidence. *See Kearns v. Lower Merion School District,* 21 Pa. Commonwealth Ct. 476, 346 A.2d 875 (1975).

For the foregoing reasons, we affirm the decision of the trial court.

## ORDER

AND NOW, July 13, 1984, the order of the Court of Common Pleas of Clarion County, dated April 14, 1983, No. 1039 Civil Action 1982, is affirmed.