# In Re: Charges Against Police Chief Sullivan

*Gregory K. Douglass,* for appellant Sullivan.

*John C. Dohanich,* for appellee Borough of East Rochester.

MANNIX, *J.,* November 15, 1984 — This matter is before the court on John Sullivan's appeal from the East Rochester Borough Council's decision of March 27, 1984, sustaining charge 2(b), as filed against him by the borough police committee, and

reducing his rank (although not his pay) from that of chief to that of patrolman. Charges 1(a), 1(b) and 2(a) were dismissed by council and thus are not involved in this appeal.

At the appeal hearing on October 10, 1984, the full record of the administrative hearing before council on March 27, 1984 was offered into evidence and admitted. Also admitted as exhibits were photocopies of (1) the February 13, 1984, notice to all East Rochester Borough police officers as posted by Chief Sullivan and delivered by him, through a Monaca police officer, to the mayor of Monaca; (2) the February 14, 1984 and February 16, 1984 articles that appeared in the Beaver County Times; and (3) the February 15, 1984, article that appeared in the Pittsburgh Post-Gazette dealing with the issue of East Rochester Borough police assistance to Monaca police. In addition, East Rochester Mayor, Stanley Rihely, and police committee chairman, Harry Anderson, testified at the appeal hearing before this court.

Where no additional testimony is offered on appeal, the court's review is limited to a determination of whether the action of council was an arbitrary and capricious abuse of discretion or constituted an error of law. Where additional testimony is offered on appeal, the court's scope of review is broader and it is entitled to make such findings as the court deems proper. In re: Appeal of Redo, 42 Pa. Commw. 468, 401 A.2d 394 (1979). This is true whether the appeal is under the Police Tenure Act (53 P.S. §811, et seq) or the Borough Code. Also, the burden is on council to present "clear and convincing" evidence to support the charge and establish that the charge was such as to warrant the action taken. Soergel v. Board of Supervisors of

Middlesex Township, 12 Pa. Commw. 311, 316 A.2d 89 (1974).

Four written charges were filed against Chief John Sullivan by the borough police committee. Only charge 2(b) was sustained by council. Said charge reads as follows:

"2. Inefficiency, neglect, intemperance, disobedience of orders, or conduct unbecoming an officer, to-wit:

(b) making remarks to the media which appeared in the Beaver County Times on February 14 and 16, 1984, and the Pittsburgh Post-Gazette on February 15, 1984, being critical of council's directive that the police department would assist only those municipalities with which the borough had a mutual aid agreement, and providing the mayor of Monaca Borough with a notice prepared by himself indicating that the East Rochester Police Department would not assist the Monaca Police Department, all of which resulted in public embarrassment to the Borough of East Rochester as well as members of borough council."

A review of the testimony presented and exhibits introduced establishes, to the satisfaction of this court, that there was no evidence of inefficiency, neglect or disobedience of orders. It would appear from a review of the briefs submitted by counsel that they agree. With regard to intemperance, it is true that the word means more than excessive drinking; it includes a lack of temperance in personal demeanor and conduct, such as being profane or foulmouthed in a public place. However, this court is satisfied that, with regard to the remarks made to the media and the copy of the posted notice which was provided to Monaca officials, the evidence presented against Officer Sullivan does not constitute

intemperance of the type contemplated by either the Police Tenure Act or the Borough Code.

Thus, we reach the real and only remaining issue; namely, did the remarks made to the Beaver County Times and Pittsburgh Post-Gazette and the delivery of a copy of the posted notice to Monaca officials (all of which occurred during a three day period), constitute "conduct unbecoming an officer"?

The facts, as this court finds them to be, upon which this decision must rest, are as follows:

1. Prior to early February of 1984, East Rochester Borough had an informal understanding with Monaca Borough that the police of the former would respond to any call for assistance from Monaca Police that came through the county police center.

2. In February of 1984, Monaca officials requested East Rochester Borough Council to enter into a formal written agreement providing for mutual assistance between the police departments of the two municipalities.

3. The request was discussed at a meeting of East Rochester Borough Council but was rejected. However, no formal action to that effect was ever taken by the Council of East Rochester Borough.

4. At this same meeting, East Rochester Borough Council informally decided that henceforth their police would assist Monaca Police only in the event of an extreme emergency. However, no formal action was taken to establish this as borough policy.

5. No written directive by way of definition or example was given to the East Rochester Borough Police Chief following the aforesaid discussion and informal decision.

6. The chairman of the East Rochester Borough Police Committee did tell Chief Sullivan, in a telephone conversation, to call the Monaca Police Chief

and Mayor and inform them of the new policy of East Rochester Borough regarding police assistance.

7. That on February 13, 1984, Chief Sullivan typed and posted a notice to all East Rochester Borough Police Officers which stated as follows:

"To: All Officers

From: Chief John E. Sullivan

Subj: Police Assistance to Monaca

Per orders of Police Committee Chairman Harry Anderson no officer from this department is permitted to assist Monaca Police on calls of any nature other than calls on the East Rochester Monaca Bridge. *This order includes calls for emergency assist also.* The council states that we cannot afford to leave our town unprotected by going to Monaca. Anyone caught going to Monaca faces the possibility of being fired by council. Any questions should be directed to Police Chairman Harry Anderson. (Emphasis added.) Chief John E. Sullivan.

A copy of said notice was delivered through a Monaca Police officer to either the mayor or a member of the Monaca Council.

8. At the time of or within a few days of the informal decision of East Rochester Borough Council to significantly modify and make more stringent its police assistance policy with regard to Monaca Borough, the Mayor of East Rochester, Stanley Rihely told Chief Sullivan that if Monaca had an emergency, the police of East Rochester would go over and help.

9. At the Monaca Council meeting of February 13, 1984, a Monaca councilman informed his council of the change in East Rochester Borough's Police assistance policy regarding Monaca.

10. On February 14, 1984 and February 16, 1984 the Beaver County Times, and on February 15, 1984 the Pittsburgh Post-Gazette, contacted Chief

Sullivan for a statement on the police assistance issue and he obliged.

11. The statements attributed to Chief Sullivan, which he did not deny making at the administrative hearing of March 27, 1984 and which appeared in the aforesaid newspapers, are as follows:

"A. Police Chief John E. Sullivan says 'he and the nine part-time officers will defy an order by police committee chairman, Harry Anderson, and respond to emergency calls from Monaca if assistance is requested'.

B. On Tuesday, Sullivan said 'the officers would have to decide for themselves whether it was an emergency in answering any calls from Monaca'.

C. If another policeman is in an emergency situation — 'I'll go and help'.

D. 'I strongly can't see myself standing by if another officer needs help — I'm going to help'.

E. 'I said baloney — I'm not going to stand by or see any other officer in another municipality — put in jeopardy. I told the Mayor if I get a call, we're going.' "

12. That Chief Sullivan did not in fact violate the "extreme emergency" instruction he received from the chairman of the police committee, nor the "emergency" directive that he received from the mayor during the time period in question.

13. No property owner or resident of the borough (other than two members of borough council and the borough secretary) nor any member of the East Rochester Borough Police Department were called as witnesses by the borough at either the March, 1984 administrative hearing or at the October, 1984 appeal hearing.

14. That, although demoted in rank from chief of police to patrolman, the pay of appellant was not re-

duced and as of November 1, 1984 still had not been reduced.

Pennsylvania courts have defined "conduct unbecoming an officer" as conduct which adversely affects the morale or efficiency of the police force of the municipality or which tends to destroy public respect or confidence in the operation of municipal services. Kazmarek v. New Bethlehem Township, 84 Pa. Commw. 19, 478 A.2d 514 (1984). As previously stated, the burden is on the borough to prove the charges filed with substantial evidence of a clear and convincing nature. Soergel v. Board of Supervisors of Middlesex Township, supra. This it has failed to do.

In comparing the facts relating to the present charges of "conduct unbecoming an officer" with the definition utilized by the Pennsylvania courts, we do not find defendant's actions rising to the required level for conduct unbecoming an officer. It is arguable that not only would defendant's actions not adversely affect the police force or public respect or confidence, but they may, in fact have the opposite affect. In any event the court is satisfied that the borough has not met the standard of substantial evidence of a clear and convincing nature which is required. What has been established in this case is some degree of embarassment to certain members of borough council because of the newspaper articles. Also this case demonstrates frustration on the part of the police chief when longstanding policy was changed without any formal action being taken by council. These alone do not give rise to conduct unbecoming an officer.

For the foregoing reasons, the following order is entered.

## ORDER

And now, this November 15, 1984, following hearing in open court and argument of counsel for appellant and the borough;

It is hereby ordered and decreed that East Rochester Borough Council take the necessary action to reinstate John Sullivan as chief of police of said borough, the position from which he was removed on March 27, 1984.