Johnnie Corley, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 12, 1985, before Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Robert S. Mirin*, for petitioner.

*Roger T. Margolis*, Assistant Counsel, for respondent.

OPINION BY JUDGE DOYLE, December 24, 1985:

This is an appeal by Johnnie Corley (Appellant) from an order of the State Civil Service Commission (Commission) sustaining Appellant's appeal from suspension and subsequent removal from his position as Psychiatric Aide I, regular status, and, hence, reinstating him, but denying him back pay.

Appellant was suspended by the Philadelphia State Hospital, Department of Public Welfare (Appointing Authority) on January 26, 1984 pending investigation of charges that he inflicted bodily harm upon another employee, one Marilyn Brooks (Brooks) at the work site. By letter dated February 9, 1984 Appellant was removed from his position effective February 10, 1984 on the charge of inflicting bodily harm on Brooks.

The Commission found that on January 14, 1984 Appellant struck Brooks on the face and that subsequent to this incident Brooks left the work site complaining of an ear injury. Brooks was later diagnosed as having a perforated eardrum. The Commission further found that prior to the January 14 incident Brooks had been seen on several occasions with cotton in her ears. Furthermore, Brooks, according to the Commission's findings, "had a well-established reputation within the appointing authority institution as a 'bossy' person and a 'troublemaker.' "

The Commission, although it determined that Appellant had, in fact, hit Brooks, also made findings

relating to mitigating circumstances. Specifically, the Commission wrote:

> No fewer than nine witnesses have credibly testified to previous confrontations of Brooks with other employes, employes requesting transfers away from her, to Brooks herself being transferred because of problems with employes and to Brooks' generally annoying nature . . . . These same witnesses . . . have additionally testified to appellant's typically easy-going, agreeable demeanor. . . . As a result of this testimony, it appears likely to our reasonable minds that, although it is clear that the slapping incident occurred, we are nonetheless predisposed to attach greater credibility to appellant's version of the facts, absent any direct testimony other than that of the two protagonists. (Citations to the record omitted).

Finally, the Commission noted that under the Appointing Authority's manual dismissal is the suggested remedy where an employee is *injured* as a result of another employee's physical assault. The Commission determined that the Appointing Authority had failed to establish that Appellant had *injured* Brooks. It stated, "[t]he clear implication from testimony given at hearing is that Brooks had ear problems some time prior to January 14, 1984." Based upon its determination that the Appointing Authority had not shown, pursuant to the terms in its manual, that Appellant had caused the injury and based upon the mitigating circumstances it found, the Commission ruled that the Appointing Authority had failed to show good cause for the suspension pursuant to Section 803 of the Civil Service Act,[1] 71 P.S. §741.803, and just cause for the removal, pursuant to Section 807, 71 P.S. §741.807, and, hence, directed that Appellant be .

---

[1] Act of August 5, 1941, P.L. 752, *as amended.*

reinstated. But because the Commission viewed the striking of a co-employee as an inappropriate method of resolving disputes at the work site (despite provocation) it declined to award backpay to Appellant for a period of approximately nine months (apparently from the date of the suspension[2] to the date the adjudication was issued, *i.e.*, October 17, 1984). Appellant appeals the denial of backpay to this Court. The Appointing Authority has not appealed.

We review Appellant's appeal keeping in mind that our scope of review is confined to determining whether there has been a constitutional violation or an error of law and whether the findings of fact are supported by substantial evidence on the record. *Cunningham v. State Civil Service Commission*, 17 Pa. Commonwealth Ct. 375, 332 A.2d 839 (1975). Appellant first alleges that his reinstatement without backpay had the effect of imposing a nine month suspension on him in violation of Section 803 of the Civil Service Act. Section 803 clearly limits a suspension to "thirty working days in one calendar year." We note first that *two distinct personnel actions occurred.* Appellant was *suspended* for the period from January 26, 1984 through February 10, 1984 pending investigation of charges. Thus, his *suspension* encompassed a period of only fifteen days and was well within the statutory

---

[2] We note that while the Commission concluded that no good cause existed for the suspension it is unclear from its order whether it denied backpay for the fifteen day suspension period (January 26 through February 10), or merely for the period of removal (February 10 through October 17). While it is well settled that one can be reinstated without backpay where no just cause has been shown for the removal, *Fiegenberg v. Department of Labor and Industry*, 33 Pa. Commonwealth Ct. 570, 382 A.2d 498 (1978); *Harp v. Pennsylvania Liquor Control Board*, 28 Pa. Commonwealth Ct. 318, 368 A.2d 846 (1977), it would seem that if there were no good cause for *suspension* one would be entitled to backpay or an appellant's victory would be a hollow one indeed. But inasmuch as this point was not specifically raised, we do not rule on it.

time constraints imposed by Section 803. As of February 10, 1984 the personnel action was converted to a removal under Section 807 on a charge of inflicting bodily harm on another employee at the work site. There are, of course, no time constraints limiting the length of a removal. But, as noted above, Appellant maintains that his reinstatement without backpay *had the effect* of suspending him for longer than thirty days. But, despite Appellant's contention, case law is clear that a reinstatement with denial of backpay for a period in excess of thirty days is not impermissible under the Civil Service Act. *See e.g. Losieniecki v. Pennsylvania Board of Probation and Parole,* 39 Pa. Commonwealth Ct. 194, 395 A.2d 304 (1978) (backpay denied for seven months); *Wasilak v. Pennsylvania Liquor Control Board,* 35 Pa. Commonwealth Ct. 316, 386 A.2d 1048 (1978) (backpay denied for approximately six months). Additionally, we think Section 803 clearly on its face refers only to the actual personnel action of suspension when it imposes the thirty day restriction. Had the legislature wished to restrict denial of backpay to a period of thirty days or less this restriction would logically appear in Section 951(a) of the Civil Service Act,[3] 71 P.S. §741.951(a), which grants the Commission power to reinstate "with the payment of so much of the salary or wages lost by [the appellant] as the commission may in its discretion order." Because we believe Section 803 to be applicable only to actual "suspensions", as that term is used in its strict sense, we reject Appellant's statutory construction argument that Section 803 imposes limits upon the power to deny backpay under Section 951(a).

Appellant next argues that the Commission's denial of backpay for a period of approximately nine

---

[3] Section 951 was added by Section 27 of the Act of August 27, 1963 P.L. 1257.

months constituted an abuse of discretion. It is well settled that this Court must affirm a denial of backpay unless the denial constitutes an abuse of discretion. *Losieniecki.* Thus, we must uphold the Commission's imposition of such a penalty[4] even where we would be inclined to reach a different result as long as reasonable minds might reach the same decision as did the Commission based upon the evidence of record. *Losieniecki.* We have previously held that a denial of backpay will be overturned where the evidence clearly reveals negligible or no job-related culpability on the disciplined employee's part. *Losieniecki.* Appellant maintains that the Commission denied him backpay because it did not want to appear to condone his actions and that this is not a job-related basis for the penalty. Appellant quotes the Commission out of context. It is clear that the denial was based upon the Commission's determination that striking a fellow employee is an inappropriate way to resolve disputes. Certainly this rationale is a job-related one and hence the basis for the denial is legally sound.[5] Moreover, this Court has previously upheld a suspension and subsequent removal on facts involving a physical assault. *See Ricker v. Civil Service Commission,* 7 Pa. Commonwealth Ct. 329, 300 A.2d 293 (1973) (child care aide struck patient in the face and kicked and pushed patient). While *Ricker* involved a more severe physical assault, the penalty imposed and upheld was also more severe. Considering our holding in *Ricker* we cannot say on the facts presented

---

[4] It is well settled that denial of backpay is a penalty. *See Baron v. Civil Service Commission,* 8 Pa. Commonwealth Ct. 6, 301 A.2d 427 (1973).

[5] Appellant's reliance on *Bey v. Board of Education,* 87 Pa. Commonwealth Ct. 571, 488 A.2d 89 (1985) for the proposition that denial of backpay must be based on job related criteria is somewhat misplaced in that *Bey* was not a Commission case, although it discussed Commission law.

in the instant case that reinstatement without backpay constituted an abuse of discretion.

Appellant further argues that the nine month denial of backpay was arbitrary because it was allegedly based upon the time it took the Commission to adjudicate the matter. We are not, however, concerned with *how* the Commission arrived at the amount of time for which it denied backpay, but rather with whether denial for that period was an abuse of discretion. Based upon the record evidence and the previous discussion we hold that it was not.

Appellant also alleges error in the Commission's refusal to admit testimony of different treatment by the Appointing Authority of another employee in an allegedly similar incident occurring *subsequent to* Appellant's dismissal. This issue was not raised in the petition for review before this Court and, hence, is not properly before us. But, while it is unnecessary to decide at this time whether evidence of disparate treatment occurring subsequent to personnel actions in dispute is relevant, we feel constrained to caution the Commission that when it rules against the admission of any evidence it should permit counsel to make an offer of proof as to what the evidence would have shown. A review of the record discloses that the presiding Commissioner was most reluctant to permit Appellant's counsel to establish a record on this point, although he finally succeeded in doing so. While we understand the Commission's reluctance to permit testimony on the issues it deems irrelevant, allowing an offer of proof may well avoid the necessity of a remand.

The decision of the Commission is affirmed.

## ORDER

Now, December 24, 1985, the order of the State Civil Service Commission, in appeal No. 5086, dated October 17, 1984 is hereby affirmed.