532 A.2d 1262

Commonwealth of Pennsylvania, State Correctional Institution at Graterford, Department of Corrections, Petitioner *v.* Mark E. Ehnot, Respondent.

Submitted on briefs June 12, 1987, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*David B. Farney,* Assistant Counsel, for petitioner.

No appearance for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., November 2, 1987:

The Department of Corrections (Department) appeals a State Civil Service Commission (Commission) order reversing the Department's five-day suspension of Mark Ehnot from his position as Institutional Music Teacher I. We affirm.

The Department suspended Ehnot, a music teacher at the State Correctional Institution at Graterford, on the charge of "negligently" importing contraband methamphetamine into the Institution. The methamphetamine was found taped to the inside of Ehnot's music folder. It was stipulated that the contraband was planted there *without Ehnot's knowledge* by an inmate with a

610

personal vengeance against Ehnot. Institution officials discovered the contraband when, acting upon a anonymous tip, they searched Ehnot when he reentered the prison on the following day.

Section 803 of the Civil Service Act[1] requires that disciplinary suspensions be for good cause. The alleged "good cause" must relate to one's competence and ability to properly execute job duties.[2] *Toland v. State Correctional Institution at Graterford,* 95 Pa. Commonwealth Ct. 634, 506 A.2d 504 (1986).

The Commission concluded that the Department did not have "good cause" for the suspension because Ehnot had no duty to secure his personal effects since he had no knowledge that he was carrying contraband.

The Department contends[3] that it established good cause in that Ehnot neglected his duty to search his

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.803.

[2] "Good cause" is not defined in the Act, however, the Rules of the Civil Service Commission provide as follows:

    (a) Good cause for suspension shall be one of the following:
      (1) Insubordination.
      (2) Habitual lateness in reporting for work.
      (3) Misconduct amounting to violation of law, rule or lawful and reasonable Departmental orders.
      (4) Intoxication while on duty.
      (5) Conduct either on or off duty which may bring the service of the Commonwealth into disrepute.
      (6) Similar substantial reasons.
4 Pa. Code §101.21.

[3] Our scope of review in a civil service suspension case is limited to determining whether necessary findings of fact are supported by substantial evidence and whether the Commission's decision is violative of constitutional rights or is contrary to the law. *Corley v. Department of Public Welfare,* 93 Pa. Commonwealth Ct. 639, 502 A.2d 768 (1985).

personal effects before reentering the prison. We disagree.

The Commission properly concluded that the Department failed to establish that Ehnot had a duty to conduct a self-inspection and, therefore, the suspension was not for good cause. The Department produced no evidence of any rule or regulation imposing such a duty. Indeed, a Corrections Officer Captain testified that he knew of no such rule[4] and stated that Ehnot's duty as a music teacher is only to report security infractions to an officer *if he is aware of such violations.*[5]

Because Ehnot's actions do not relate to his competence and ability to perform job duties, they cannot supply the requisite "good cause" for a suspension.

The Commission's order is affirmed.

ORDER

The order of the State Civil Service Commission, No. 6043 dated March 27, 1986, is affirmed.

---

[4] N.T., 1/8/86, p. 32.
[5] N.T., 1/8/86, pp. 25-26.