652 A.2d 813

George T. TROSKY, Victor M. Cirocco, Douglas A. McMeekin, Barbara L. Mihalow, and Paul A. Cygrymus,

v.

CIVIL SERVICE COMMISSION, CITY OF PITTSBURGH.

Appeal of CITY OF PITTSBURGH and Civil Service Commission of the City of Pittsburgh.

James GREGORCHIK,

v.

CIVIL SERVICE COMMISSION, CITY OF PITTSBURGH.

Appeal of CITY OF PITTSBURGH and Civil Service Commission of the City of Pittsburgh.

Supreme Court of Pennsylvania.

Argued Sept. 19, 1994.

Decided Jan. 18, 1995.

---

358

Jacqueline R. Morrow, City Sol., Lorina W. Wise, Asst. City Sol., for appellants.

A. Bryan Campbell, Pittsburgh, for appellees.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION

ZAPPALA, Justice.

The issue before the Court in these appeals is the appropriateness of the relief ordered by the Court of Common Pleas of Allegheny County and affirmed by the Commonwealth Court [1]. These cases originated as statutory appeals challenging the procedure followed by the City of Pittsburgh in promoting police officers to fill vacancies in the rank of sergeant in December of 1990. The parties agreed to consolidate the cases in the common pleas court, and the matters were submitted for decision on stipulated facts.

According to the parties' stipulation, the context of these disputes involves nine sergeant positions filled by promotion from a list, ranking candidates according to test scores, compiled by the Civil Service Commission and submitted to the Public Safety Director. For each position, the Public Safety Director could choose from among the first four names on the list.[2] The names on the list certified by the Commission were, in relevant part, as follows (candidates selected are underlined):

1. The court ordered that Officers George Trosky and Victor Cirocco be promoted to the rank of Sergeant, and James Gregorchik be restored to the rank of Sergeant, with back pay and benefits from December 10, 1990.

2. Promotions in the Pittsburgh Bureau of Police are made pursuant to Section 6 of the Act of August 10, 1951, P.L. 1189, as amended, 53 P.S. 23535, which provides:

   Vacancies in positions in the competitive class shall be filled by promotions from among persons holding positions in a lower grade in the bureau of police. Promotions shall be based upon merit to be ascertained by tests to be provided by the civil service commission and upon the superior qualifications of the person to be promoted as shown by his previous service and experience. The civil service commission shall maintain a list of those persons qualified for promotion to the next superior position, from which list the director of the department of public safety shall make all promotions from among the first four names appearing on the list at the time the promotion is to be made....

Steven R. Gardner
Paul Marraway
Joseph A. Dissen
George T. Trosky
Michael J. Kondas
Victor M. Cirocco
Ronald J. Marak
Kurt J. Fischer
William E. Bochter
Mary K. Degler
Douglas A. McMeekin
Robert H. Brown
Barbara L. Mihalow
Paul A. Cygrymvs [sic]
James J. Gregorchik

Prior to the selection process, Paul Marraway withdrew his name from consideration.

On December 10, 1990, the Chief of Police sent a memorandum to each of the officers congratulating them on their promotion, and they were sworn in by the Mayor. On December 13, however, the Civil Service Commission advised the Public Safety Director that it could not approve Gregorchik's promotion and had "voided the personnel transaction" submitted for him. The Commission indicated that Gregorchik's promotion "would be in violation of the Civil Service statuatory [sic] provisions regarding promotions, and the Commonwealth Court decision in the case of the Civil Service Commission City of Pittsburgh v. Joseph R. Paieski".[3] Gregorchik

3. Prior to 1989, if a candidate for promotion was passed over three times in favor of someone lower among the top four, his name was removed from the list. This corresponds to the procedure authorized by statute for the initial appointment of officers, pursuant to the general civil service law. See Act of August 10, 1951, P.L. 1189, § 1, as amended, 53 P.S. § 23531; Act of May 23, 1907, P.L. 206, § 14, 53 P.S. § 23446. In May of 1989, the Commonwealth Court, affirming an order of the Court of Common Pleas of Allegheny County, held that this procedure was improper, as the statutory language allowing the striking of names in the section governing initial appointments did not

was advised of the Commission's action the following day. On December 17, Gregorchik sent a letter to the Commission requesting a hearing "to determine the legality of [his] demotion." The Commission responded that because the promotion had never been approved, there was in fact no demotion, and thus no basis for a hearing.

Shortly thereafter, the President of the Fraternal Order of Police sent a letter to the Commission asserting that the names of Officers Trosky, Cirocco, McMeekin, Mihalow, and Cygrymus had been improperly removed from the list in violation of the holding in *Paieski*. He requested a hearing to determine if their rights had been violated, and claimed that "since the list has expired, the only proper remedy is to promote the officers whose rights have been violated with back pay and benefits." By letter of January 4, 1991, the Commission denied the request for a hearing, stating that "the appointments were properly made" and the five officers "were not removed from the list."

Viewing only the list, on which the choices were marked without indication of the order of selection, the Commission's conclusion is tenable with respect to all but the ninth position. As reflected in the Commission's decision regarding Officer Gregorchik, it would not have been possible for his name to have been among the top four on the list at the time of the ninth selection unless at least two names were removed from the list for reasons other than that they had already been promoted.

It appears from the stipulation of the parties that notwithstanding the decision in *Paieski*, in making the promotions in December of 1990 the Public Safety Director removed the names of Officers Trosky and Cirocco from the list after each had been passed over three times in favor of someone lower on the list. The stipulation indicates that the promotions were made in the following order (candidate selected is underlined):

appear in the section governing promotions. *Civil Service Commission v. Paieski*, 126 Pa.Commw. 263, 559 A.2d 121 (1989), alloc. den. 524 Pa. 635, 574 A.2d 75 (1990).

| 1. | Gardner | 2. | Gardner | 3. | Dissen |
|----|---------|----|---------|----|--------|
|    | Dissen  |    | Dissen  |    | Trosky |
|    | Trosky  |    | Trosky  |    | Cirocco |
|    | Kondas  |    | Cirocco |    | Marak  |
| 4. | Trosky  | 5. | Trosky  | 6. | Cirocco |
|    | Cirocco |    | Cirocco |    | Bochter |
|    | Marak   |    | Fischer |    | Degler |
|    | Fischer |    | Bochter |    | McMeekin |
| 7. | Degler  | 8. | Degler  | 9. | McMeekin |
|    | McMeekin |   | McMeekin |   | Mihalow |
|    | Brown   |    | Mihalow |    | Cygrymus |
|    | Mihalow |    | Cygrymus |   | Gregorchik |

Had the names of Officers Trosky and Cirocco not been removed from the list, and had the Public Safety Director nevertheless selected the candidates that he did in fact select (Bochter, Degler, and Brown), the top four candidates for the ninth selection would have been Trosky, Cirocco, McMeekin, and Mihalow.

Throughout these proceedings, the City has argued with respect to Trosky and Cirocco that the remedy for their removal from the promotion list would be reinstatement to the list. It notes that this was the remedy ordered in *Paieski*. The City also emphasizes that pursuant to statute the Public Safety Director possesses discretionary authority in determining promotions, and there is no evidence from which it can be concluded that either Trosky or Cirocco would have been selected for promotion. According to the City, then, the relief ordered by the court infringes on the discretion granted by statute to the Public Safety Director and puts the officers in a better position than they would have been in had their names not been removed from the list.

The response on behalf of Trosky and Cirocco is that after these promotions were made the eligibility list expired and a new test was given. Therefore, they argue, reinstatement to the list is no relief at all, and the only remedy is that they be ordered promoted. They note that reinstatement to the list was the only relief requested in *Paieski*, and thus that decision cannot be read as holding that such is the only relief

available. In this Court, they cite to employment cases involving Title VII and the Pennsylvania Human Rights Act in support of their argument that "courts have considerable latitude in fashioning appropriate remedies." Brief of Appellees at 13. They also cite to Section 754 of the Local Agency Law, 2 Pa.C.S. § 754, which governs appeals from decisions of local agencies, as giving the court power to "enter any order authorized by 42 Pa.C.S. § 706 (relating to disposition of appeals)," meaning that the court "may affirm, modify, vacate, set aside or reverse ... and may remand the matter and direct the entry of such appropriate order, or require such further proceedings to be had as may be just under the circumstances."

The common pleas court offered no specific reasoning in support of its choice of remedy, stating only that "we do not think reinstatement with back pay and benefits is exorbitant, particularly now that appellants have lost the benefit of being on the promotion list for almost two years." Commonwealth Court simply concluded that the common pleas court had not abused its discretion, observing that the City had offered no explanation as to why it refused to follow *Paieski*.

Because neither the General Civil Service Act nor the Police Civil Service Act specify what corrective measures are to be undertaken if the procedures required therein are not followed, it is left to the courts to fashion such a remedy "as may be just under the circumstances."

In addressing the concept of remedies generally, we may note that in the law of contracts remedies for breach are designed to protect either a party's expectation interest "by attempting to put him in as good a position as he would have been had the contract been performed, that is, had there been no breach"; his reliance interest "by attempting to put him back in the position in which he would have been had the contract not been made"; or his restitution interest "[by requiring] the other party to disgorge the benefit he has received by returning it to the party who conferred it." Restatement (Second) of Contracts, Section 344, Comment a.

In the law of torts, remedies "attempt[ ] primarily to put an injured person in a position as nearly as possible equivalent to his position prior to the tort." Restatement (Second) of Torts, Section 901, Comment a.

The appellees here properly maintain that the "objective is to find a meaningful remedy to make the plaintiff whole, insofar as possible, thereby securing complete justice to the injured parties." Brief of Appellees at 13. We find, however, that the relief ordered in this case was substantially greater than was necessary to achieve this objective.

As the City argues, given the discretion vested in the Public Safety Director it cannot be said with certainty that either Trosky or Cirocco would have been promoted but for the violation of the Police Civil Service Act. Although one of them might have been promoted, it is also possible that the Public Safety Director could have passed them over again and again, even through the last position to be filled. Indeed, the removal of Trosky and Cirocco had an adverse effect not only on them, but on McMeekin and Mihalow as well. As described previously, but for the improper removal McMeekin and Mihalow would have been among the top four candidates for the ninth position, while Cygrymus and Gregorchik would not. One can only speculate as to how the selections would have been made had the statutory procedure been followed throughout[4], but clearly the relief ordered by the common pleas court placed Trosky and Cirocco in a better position than if the statute had been followed. At the same time it provided no remedy to McMeekin and Mihalow, who, though their names were not stricken, were deprived of the opportunity to have their names considered in proper order.

4. It is, of course, impossible to determine with certainty how the selections would have proceeded had Trosky's name remained on the list for the sixth through ninth selections and Cirocco's name remained on the list for the seventh through ninth selections. It is not claimed, however, that the selection of Bochter, Degler, or Brown was improper, and we have no occasion to undo or even inquire into the propriety of these promotions. We are thus left with a question only as to the ninth selection.

The relief ordered also had the effect of interfering with the decision-making authority accorded by statute to the Public Safety Director. Not only did it require the promotion of two officers whom the Director, in his discretion, might lawfully have determined should not be promoted, it also required the creation of a position (actually, in combination with the relief ordered in the *Gregorchik* matter, two positions) in the rank of sergeant without regard to the administrative consequences of such action.

We do not find persuasive the appellees' arguments in support of the rulings below. The general proposition from the employment discrimination cases, i.e., that the court has discretion to fashion an appropriate remedy, is sound. In each of the cases cited, however, the remedy of hiring, reinstatement, or promotion, along with back pay, was imposed upon a finding that the employer had refused to hire, or had fired, or had passed over the plaintiff for unlawful discriminatory reasons.[5] Here, it has not been, and cannot be, established as to any of the appellees individually, that he or she would have been promoted if the Public Safety Director had complied with the statute.

■ Neither do we consider especially significant the point emphasized by the appellees that following this round of promotions the eligibility list expired and a new test ·was

5.  Indeed, we find in the cases cited language such as the following: "In providing an adequate remedy for plaintiff, we believe that the critical inquiry is to determine *the position plaintiff would have been in had she not suffered the unlawful discrimination proven here.*" *Kunda v. Muhlenberg College,* 463 F.Supp. 294, 312 (E.D.Pa.1978) (emphasis added). "[B]ack pay is routinely awarded to successful Title VII plaintiffs absent a compelling reason to deny it, consistent with the Act's *objective of placing the plaintiff in the position she would have enjoyed had there been no discrimination.*" *Gallo v. John Powell Chevrolet, Inc.,* 779 F.Supp. 804, 811 (M.D.Pa.1991) (emphasis added). In a case where the plaintiff had proven discrimination but challenged the adequacy of the district court's relief limited to an injunction ordering the defendant not to discriminate in the future, the appeals court observed that "we must review the district court's exercise of discretion in terms of its effect on Title VII's *objective of making the plaintiff whole* and uphold that exercise only if the denial of relief does not frustrate this objective." *Gunby v. Pennsylvania Electric Co.,* 840 F.2d 1108, 1123 (3d Cir.1988) (emphasis added),

given. Even if the proper procedure had been followed, each of the officers on the list who was not selected for promotion would have been required to sit for the next test in order to be eligible for the next round of promotions. Thus it is possible that both Trosky and Cirocco, even if they had not been removed from the list, would have still been on the list when it expired and had to sit for the next exam. We return again to the conclusion that the relief ordered by the common pleas court put Trosky and Cirocco in a better position than they would have been in had the violation of the civil service laws not occurred. On this basis, we conclude that the court abused its discretion.

■ We also find that the court committed an error of law in ordering that Gregorchik be "restored" to the rank of sergeant. As detailed above, had the correct procedure been followed, Gregorchik's name would not have been among the top four from which the ninth promotion was to be made [6]. Gregorchik was notified of the Public Safety Director's action by the Chief of Police on December 10, 1990, but the Civil Service Commission immediately rejected the promotion and

**6.** We must reject Gregorchik's argument that "the City should be estopped from attempting to resurrect *Paieski* in this context on appeal, having abandoned it below." Brief of Appellees' at 18. According to Gregorchik, before the common pleas court the City only made vague assertions that Gregorchik's promotion violated the civil service statute. Thus the court was justified in finding that the City never supplied specific reasons, and the City should now be considered to have waived those arguments.

We note, however, that the Commission's letter to the Public Safety Director of December 13, 1990, voiding the personnel transaction, was included as an exhibit with the stipulations of fact. That letter explained that Gregorchik's promotion was not approved "because it would be in violation of the Civil Service statuatory [sic] provisions regarding promotion, *and the Commonwealth Court decision in the case of the Civil Service Commission City of Pittsburgh v. Joseph R. Paieski.*" (Emphasis added.)

We further observe that among the assertions made by the City in post-trial motions (later abandoned in favor of the appeal to the Commonwealth Court), was that the court "erred in not establishing a briefing schedule so that the parties would have the opportunity to address the legal questions as they relate to the stipulated facts." R.R. at 73a. If indeed the parties did not have the opportunity to file briefs, it is disingenuous for the appellee to now assert that the City failed to argue *Paieski* in this context in the common pleas court.

voided the personnel transaction. The Public Safety Director was notified within three days and Gregorchik received notice within four days.

The common pleas court based its decision on the fact that Gregorchik had received the memorandum from the Chief of Police congratulating him on his promotion, and that the mayor had sworn him in as a sergeant at an official ceremony. Commonwealth Court likewise held that because of these facts, "Gregorchik was in fact promoted. Accordingly, he cannot be demoted under Section 7 of the Police Civil Service Act without due process procedures being followed." 156 Pa.Commw. 454, 462, 628 A.2d 908, 912 (1993).

The City argues that these indicia of promotion cannot effectuate an actual promotion if such is contrary to law, and that Gregorchik's "promotion" was void ab initio since it was not made in accordance with the procedure required by 53 P.S. § 23535. There having been no valid promotion, Gregorchik was not entitled to the protections of the civil service act regarding demotions.

We agree. Commonwealth Court has previously held that the requirements of the Police Civil Service Act governing promotions must be strictly followed in order for a valid promotion to be obtained. *Mahofski v. City of Pittsburgh,* 22 Pa.Commw. 629, 350 A.2d 423 (1976). In *Municipality of Penn Hills v. Municipality of Penn Hills Personnel Board/Civil Service Commission,* 87 Pa.Commw. 552, 487 A.2d 1048 (1985), the municipality appealed an order of the civil service commission reinstating three police officers to the rank of specialist after they had challenged their reassignment to the rank of patrolman. Each of the officers had been assigned to the specialist position without having taken an examination, which was one of the requirements to qualify for the rank. The common pleas court had held that where a position is classified as a civil service position, an officer is entitled to a hearing on the cause of his demotion even where he had not taken the required examination pursuant to the civil service rules.

Commonwealth Court reversed, citing *Detoro v. Pittston*, 344 Pa. 254, 25 A.2d 299 (1942) and *Manning v. Millbourne Borough Civil Service Commission*, 387 Pa. 176, 127 A.2d 599 (1956). The court observed that

[t]he basic principle ... is that application of the civil service laws is a two way street, i.e., before one may invoke the protections afforded thereby, one must show that an appointment or promotion was in accordance with the laws in effect at the time of the appointment or promotion. In this case, the Municipality is not attempting to remove the appellees from the force; all that is being done is removing appellees from a position to which they were promoted not in accordance with the law. Under such circumstances, the civil service protections are not applicable....

87 Pa.Commw. at 557, 487 A.2d at 1050.

*Appeal of Austerlitz*, 63 Pa.Commw. 140, 437 A.2d 804 (1981), is also instructive. There, the municipality had given a test for promotion of applicants to the rank of police lieutenant, the civil service commission had certified a list of four eligible candidates, and the four had been promoted. After the promotion, nineteen fellow officers filed a request for hearing before the personnel board, challenging the promotion procedures and requesting rescission of the promotions. The board denied the request, but on appeal the common pleas court upheld the challenge. The four officers who had been promoted then sought to intervene in the action and have the order vacated. Intervention was denied.

On appeal, Commonwealth Court affirmed, holding that the lower court had not erred in denying intervention at that late stage of the proceeding. The court also rejected the officers' challenge to the court's jurisdiction based on their being indispensable parties who were not joined in the action. Citing *McGrath v. Staisey*, 433 Pa. 8, 249 A.2d 280 (1968), the court noted that improperly appointed or promoted public employees, though they have standing to intervene, are not indispensable parties to litigation challenging the procedure by which they obtained their position. Finally, the court rejected the officers' claim that they could not be demoted

without a hearing under the civil service provisions. The court concluded that a person can be demoted only from a position to which he is entitled, citing *Appeal of Dugan,* 359 Pa. 590, 59 A.2d 888 (1948). Since the litigation had determined that the officers were not entitled to the positions they had been promoted to, the common pleas court's order "merely reinstated [them] in the only positions to which they were entitled." 63 Pa.Commw. at 144, 437 A.2d at 806.

On consideration of the violation involved and the specific harm to all the appellees that flowed therefrom, in order to return the parties to the position they would have been in had no violation occurred it is sufficient that the City be directed (1) to promote to the rank of sergeant, with back pay and benefits retroactive to December 10, 1990, one candidate from among appellees Trosky, Cirocco, McMeekin, and Mihalow; and (2) to ensure that the three unsuccessful candidates have the opportunity to be placed on the eligibility list for the next promotion(s) by sitting for the required test. Any existing eligibility list shall be voided and no promotion shall be made until the others shall have had the opportunity to take the required examination.[7]

Accordingly, in No. 19 W.D. Appeal Docket 1994, the Order of the Commonwealth Court is reversed, the Order of the Court of Common Pleas of Allegheny County is vacated, and the City is directed to consider the appellees for promotion in a manner consistent with this Opinion. At No. 20 W.D. Appeal Docket 1994, the Orders of the Commonwealth Court and the Court of Common Pleas of Allegheny County are reversed.

MONTEMURO, J., is sitting by designation.

7. During the course of these appeals some or all of the appellee officers, recognizing the uncertainty of litigation and wishing to mitigate any damages, might have sought and achieved promotion via lists certified by the Commission based on later tests. In such case, the procedure directed here will, in effect, have already been followed, and no further relief is necessary.