**Pasquale A. FILICE, Petitioner,**

v.

## DEPARTMENT OF LABOR AND INDUSTRY, Respondent.

Commonwealth Court of Pennsylvania.

Argued May 11, 1995.

Decided June 15, 1995.

---

Robert L. Felice, for petitioner.

Arthur Selikoff, Asst. Counsel, for respondent.

Before FRIEDMAN and NEWMAN, JJ., and LORD, Senior Judge.

FRIEDMAN, Judge.

Pasquale A. Filice appeals from an order of the State Civil Service Commission (Commission) directing that Filice's name be placed on the Certification of Eligibles list for the position of Unemployment Compensation Tax Office Manager 2 (Tax Manager) with an assigned score of 95.00 and that Filice's name remain there for a period of three years. We affirm.

Filice, a white male, is employed by the Department of Labor and Industry (Department) in the Bureau of Tax Operations as a Tax Agent. In December of 1990, Filice took a civil service examination for the Tax Manager position and achieved a score of 95.00. In March of 1992, such a position became available in the Department's Norristown office, and the Department decided to fill the vacancy through the competitive promotion with examination procedure.

On March 6, 1992, the Department requested and received from the Commission a Certification of Eligibles list, which contained the names of six persons who scored 95.00 on the civil service examination. Although Filice's score was 95.00, his name did not appear on the list. A panel interviewed interested candidates from the list and on March 17, 1992, Calvin Wilder, an African–American male, was promoted to the Tax Manager position.

When Filice learned about Wilder's promotion, he contacted the Commission to question why he had not been called for an interview. The Commission investigated the matter and informed Filice that his name did not appear on the Certification of Eligibles list because the Commission inadvertently failed to record his interest in full-time employment on the computer.

Filice filed an Appeal Request with the Commission alleging that the promotion of Wilder to the Tax Manager position was improper because of procedural irregularities and reverse race discrimination. The Commission denied Filice's request for a hearing, stating that the allegations made on the Appeal Request, even if proven, do not constitute discrimination. Filice appealed to this court which, on April 30, 1993, vacated the decision of the Commission and remanded the case for a hearing on the merits.

At the remand hearing, Filice testified on his own behalf and offered the testimony of Joseph DiSanto, a Tax Manager; James Mina, a Tax Manager and Filice's supervisor;

Michael Calpin, Regional Director; Robert S. Kerr, Affirmative Action Officer; Barbara Tressler, Examination and Certification Division Chief; John Panatieri, Assistant Director; Donald Vagnozzi, a Tax Agent; and Wilder. Based on the evidence presented, the Commission concluded that Filice failed to prove reverse discrimination and that, although Filice established procedural discrimination, he failed to prove that the Department was responsible for the procedural discrimination. The Commission thus ordered that Filice's name be placed on the Certification of Eligibles list for the Tax Manager position for a period of three years.

On appeal,[1] Filice argues that the Commission abused its discretion by failing to award Filice back pay and future wages as a remedy for the Commission's procedural discrimination.[2]

Section 952(b) of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. § 741.952(b), states:

(b) Where [the Commission's] decision is in favor of the employe or the aggrieved person, the [C]ommission shall make such order as it deems appropriate to assure such rights as are accorded the individual under this act.[3]

Thus, the Act gives the Commission discretion to fashion a remedy that is appropriate for the violation of the Act.

In *Trosky v. Civil Service Commission,* 539 Pa. 356, 652 A.2d 813 (1995), our Supreme Court considered the appropriateness

1. Our scope of review is limited to determining whether there has been a constitutional violation or an error of law and whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Corley v. Department of Public Welfare,* 93 Pa. Commonwealth Ct. 639, 502 A.2d 768 (1985). Where the issue on appeal is whether the Commission abused its discretion in fashioning a remedy, this court must uphold the remedy even where we would be inclined to reach a different result as long as reasonable minds might reach the same decision based upon the evidence of record. *Corley.*

2. Filice also argues that the Commission erred by failing to award counsel fees under what is commonly known as the Costs Act, Act of December 13, 1982, P.L. 1127, 72 P.S. §§ 2031–35.

However, we have quashed Filice's attempt to appeal the Commission's denial of costs because Filice failed to file a petition for leave to appeal as required by section 3(e) of the Costs Act, 71 P.S. § 2033(e). (*See* Order of March 1, 1995 filed at No. 2973 C.D. 1994.) This court will not convert a petition for review to a petition for leave to appeal. *See Department of Environmental Resources v. Oermann,* 158 Pa. Commonwealth Ct. 560, 632 A.2d 603 (1993).

3. Section 905a of the Act, 71 P.S. § 741.905a, provides as follows:

No officer or employe of the Commonwealth shall discriminate against any person in ... promotion ... or any other personnel action with respect to the classified service because of ... race ... or other non-merit factors.

of back pay and future wages as a remedy following a successful challenge to the city of Pittsburgh's procedure for promoting police officers to fill vacancies. The Court stated:

> In addressing the concept of remedies generally, we may note that in the *law of contracts* remedies for breach are designed to protect either a party's *expectation interest* "by attempting to put him in as good a position as he would have been had the contract been performed, that is, had there been no breach"; his *reliance interest* "by attempting to put him back in the position in which he would have been had the contract not been made"; or his *restitution interest* "[by requiring] the other party to disgorge the benefit he has received by returning it to the party who conferred it." Restatement (Second) of Contracts, Section 344, Comment a. In the *law of torts*, remedies "attempt[ ] primarily to put an injured person in a position as nearly as possible equivalent to his position prior to the tort." Restatement (Second) of Torts, Section 901, Comment a.

*Id.* at 363, 652 A.2d at 817 (emphasis added) (brackets in original). With this in mind, the Court in *Trosky* noted that because the appointing authority had discretion to promote, it could not be said with certainty which police officers would have been promoted *but for* the violation of the statute. Thus, a remedy of back pay and future wages would place the police officers in a better position than if the statute had been followed. Moreover, the Court considered that a remedy of back pay and future wages had the effect of interfering with the decision-making authority accorded by statute to the appointing authority, which might have decided, in its discretion, that certain police officers should not be promoted. *Id.*

■ Similarly here, we cannot say with certainty that Filice would have been the candidate promoted to the Tax Manager position if his name had not been omitted from the Certification of Eligibles list; therefore, we believe that an award for back pay and future wages would place Filice in a better position than if the Commission had not inadvertently removed Filice from consideration. Moreover, although Filice's arguments in support of back pay and future wages assume that there was reverse discrimination in his non-selection for promotion,[4] the Commission concluded that Filice failed to prove reverse discrimination and, in fact, Filice has not appealed that conclusion.

■ By directing that Filice's name be placed on the Certification of Eligibles list with a score of 95.00 for a period of three years, the Commission has fashioned a remedy which puts Filice in the position he would have occupied but for the Commission's error. In so doing, the Commission did not abuse its discretion. Accordingly, we affirm.[5]

---

4. In cases where back pay and future wages were found to be an appropriate remedy, the employee proved unlawful discrimination. *Trosky.*

5. Filice also argues that the Commission violated Filice's constitutional right to due process because it failed to issue subpoenas for two witnesses who were critical to his reverse discrimination claim, viz., Laura E. Reohr and Benjamin Robinson.

While there is evidence in the *reproduced record* that Filice requested a subpoena for Reohr, there is no evidence in the *original record* pertaining to such a request. *See* Pa. R.A.P. 1926 (procedure for supplementing the original record). Thus, we are unable to address this issue.

There is some evidence, however, that Filice requested a subpoena for Robinson. (*See* O.R., Item No. 11; Brief of Filice at 5.) Robinson is an African–American male who was promoted on a noncompetitive basis to a vacant Tax Manager position in 1989 because the regional director, his former boss, and another supervisor considered him the best candidate for the job. (O.R., Item No. 10; N.T. at 80–81, 129.) Filice requested a subpoena to ask Robinson whether he ever took a promotion test and, if so, what his score was. If it was a low score, asserts Filice, such evidence would refute testimony that Robinson was the best candidate for the job. (O.R., Item No. 11; Brief of Filice at 5.)

We believe that Filice's subpoena request is in the nature of a fishing expedition; Filice does not even know whether Robinson took a promotion test. Even if he did, we question the probative value of such evidence to show reverse race discrimination where the regional director was Robinson's former boss, i.e., the regional director had the opportunity to evaluate Robinson's ability based on much more than a mere test score. For these reasons, we hold that the Commission's refusal to issue the subpoena for Robinson was not an abuse of discretion. *Hamilton v. Unemployment Compensation Board of*

*ORDER*

AND NOW, this 15th day of June, 1995, the order of the State Civil Service Commission, dated July 29, 1994, is affirmed.

*Review,* 110 Pa.Commonwealth Ct. 384, 532 A.2d   535 (1987).