**Robert McANDREW**

v.

**MUNICIPAL CIVIL SERVICE COMMISSION OF SCRANTON, Pennsylvania, Mayor Chris Doherty and the City of Scranton, Martin Crofton, and Leonard Namiotka, Appellants.**

Commonwealth Court of Pennsylvania.

Argued June 9, 2008.

Decided July 16, 2008.

Joel M. Wolff, Scranton, for appellants.

David P. Tomaszewski, Wilkes–Barre, for appellee.

BEFORE: LEADBETTER, President Judge, SMITH–RIBNER, and Judge, McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

The Municipal Civil Service Commission of Scranton, Pennsylvania (the Commission) and Scranton Mayor Chris Doherty (the Mayor) petition for review of an order of the Court of Common Pleas of Lackawanna County (trial court), reversing the January 9, 2006, decision of the Commission and directing that Robert McAndrew (McAndrew) be promoted to the position of Lieutenant effective November 1, 2004, including all of the employment incidentals, such as back-pay, allowances, and seniority. We now affirm in part and reverse and remand in part.

McAndrew was a Detective with the Scranton Police Department. In early June 2003, subsequent to the Commission's announcement that there were openings for four promotional positions of the ranks of Administrative Lieutenant and Patrol Lieutenant, McAndrew took the Civil Service Commission Police Department Promotional Examination. The Promotional Examination consisted of two parts, a written examination and then an oral examination for all individuals who had passed the written examination. A total of thirteen individuals participated in the written examination and four persons scored 70% or higher, with 70% being the passing grade, including: Jeffrey Mackie (Mackie), 83%; Jody Viscomi (Viscomi), 81%; Glen Thomas (Thomas), 78%; and McAndrew, 73%.

After the results were graded, but before the results were announced, the test administrator expressed a concern about the minimal number of applicants that had achieved a passing score for the written examination. Certain members of various groups met and the passing grade for the written examination portion was lowered from 70% to 60%.[1] The new lowered score increased the number of applicants who had achieved a passing score on the written examination from four to nine, which accordingly increased the number of applicants eligible to take the oral examination.

After the oral examinations were completed, the Commission compiled "certified" lists, posted said lists and submitted the lists to the Mayor for his consideration. The "certified" list for the Administrative Lieutenant position contained seven names and listed McAndrew in the third position. The "certified" list for the Patrol Lieutenant position contained nine names and listed McAndrew in the fourth position.

The Mayor selected Viscomi, Mackie, Thomas, and Martin Crofton (Crofton) for promotion, but did not select McAndrew.[2] At the end of a discussion with Police Chief Elliot and the Mayor, McAndrew was purportedly promised the "next" promotion. Approximately one year later,

[1]. The meeting took place in the Public Safety Director's Office and included: 1) Raymond Hayes, Public Safety Director for the City of Scranton; 2) Commission Chairman Drew Bubser; 3) Attorney Paul Kelly, Counsel for the Commission; 4) David Elliot, Chief of Police for the City of Scranton; 5) Ann Marie Stulgis, President of the Fraternal Order of Police; 6) David Gervasi, President of the Fireman's Union; 7) Lisa Moran, Human Relations Director for the City of Scranton; and 8) Terri Freeman Smith, Test Administrator.

[2]. Viscomi was promoted to Administrative Lieutenant and was listed in the second position on that list. Mackie, Thomas, and Crofton were promoted to Patrol Lieutenant and were ranked first, third, and fifth, respectively, on that list.

however, another applicant, Leonard Namiotka (Namiotka), was selected for promotion to an open Administrative Lieutenant position.[3]

Consequently, after not being selected for promotion for the second time, McAndrew filed an appeal with the Commission on November 17, 2004.[4] He alleged that the Commission had acted in an arbitrary, capricious and discriminatory manner when it lowered the required passing score after the written examination had been administered. McAndrew also alleged that he had been directly discriminated against because of the Commission's failure to promote him when the three other candidates who had scores above 70% were promoted. The Commission denied McAndrew's request for a hearing because it concluded that the Municipal Civil Service Rules for the City of Scranton (the Rules) did not allow for a hearing in a non-promotion case, that the decision to reduce the minimum score to 60% was agreed to after a lengthy discussion and that the Mayor had the right to make appointments from "certified" lists at his discretion. The Commission also noted that the Mayor could employ the "rule of three."[5]

McAndrew subsequently filed an appeal with the trial court alleging that the Commission had improperly denied him a hearing on his allegations of discrimination. The trial court agreed with McAndrew and remanded the matter to the Commission for a hearing on the discrimination issue.[6]

On December 14, 2005, after a hearing on the record, the Commission concluded that McAndrew had failed to present a prima facie case that he had been discriminated against by the Mayor. A written decision confirming that conclusion was issued in early January, 2006.

McAndrew then filed an amended appeal to the trial court. The Commission subsequently filed preliminary objections to the amended appeal and McAndrew responded by filing a second amended appeal to the trial court. The trial court, after briefs and argument, concluded that there was no credible evidence of record to support McAndrew's allegation that the decision to reduce the passing score was the product of discrimination and/or retaliation by the Mayor. It noted that the only evidence offered by McAndrew was his own "self-serving" testimony about politically charged statements made to him by the Mayor and the Mayor's brother and that those statements were too remote in time and too vague to have any probative value.

However, the trial court noted that the sections of the Rules upon which the Commission relied for its authority to reduce the passing score were inapplicable and unsupportive. The trial court concluded that there was no authority for the Commission's modification of the passing score

3. Namiotka had achieved a score of 67 on his written examination, a 94 on his oral examination, and a combined score of 77.80. Namiotka was listed in the fifth position on the "certified" list for Administrative Lieutenant.

4. McAndrew alleged that he filed his appeal immediately upon hearing that the promotion that he had been promised was given to Namiotka, who had obtained a score of 67 on the written examination.

5. Pursuant to the Rules, the "rule of three" provides that the three highest ranked eligible persons who have passed the relevant examination for a particular vacancy are to be considered by the appointing authority in filling a vacant position.

6. The trial court also directed that Crofton and Namiotka be notified and given the opportunity to join in the litigation. The trial court further noted that if they declined participation in the matter, such information should be made a fact of record.

after the test was administered and graded. The trial court also concluded that because it was not the Commission itself that had decided to reduce the passing score, the decision was an ultra vires act committed by an ad hoc committee of individuals with no authority or power to do so. Thus, the trial court sustained McAndrew's appeal and directed that he be promoted to the position of Lieutenant, effective November 1, 2004, and that he receive all employment related incidentals, including back-pay, allowances and seniority. The Commission and the Mayor then filed a notice of appeal with the trial court.

On appeal,[7] the Commission and the Mayor (hereafter collectively referred to as Appellants) allege that the trial court erred as a matter of law when it reversed the Commission's decision and directed that McAndrew be promoted to the position of Lieutenant with all employment related incidentals because such relief goes beyond even the power and authority of the Commission and, thus, it cannot order such a remedy. More specifically, Appellants argue that such action by the trial court usurps the Mayor's executive power and his power as the appointing authority. Appellants note that while the Commission has the authority to establish employment and promotion lists, the Commission mere-ly submits these lists to the appointing authority (the Mayor in this case), and the appointing authority, not the Commission, ultimately determines which candidates will be promoted or appointed.[8]

Appellants request that this Court vacate the trial court's order and direct that the matter be remanded with instructions to the trial court to order a re-test in accordance with Section VII(4)(a)(2) of the Rules.[9] Further, Appellants indicate that such re-testing will provide McAndrew and Namiotka with an opportunity to fairly compete for the position of Lieutenant.

Section XV(2)(b) of the Rules provides that when a vacancy is to be filled by promotion, the Mayor, as the appointing authority, shall submit a written request to the Commission for the certification of individuals eligible for such a promotion and the Mayor shall then make such appointments. (R.R. 276a). We could not find, nor did any party cite, a section of the Rules or other authority which provides that the Commission has the ability to order the promotion of an individual or the appointment of an individual to a specific position.

Our Pennsylvania Supreme Court has addressed a similar situation in the past.

---

7. It is well established that this Court's review of the actions of a municipal civil service commission is limited. Where a full and complete record is made of the proceedings before a municipal civil service commission, a reviewing court must affirm the adjudication unless it violates constitutional rights, is not in accordance with the law, or the commission's findings are not supported by substantial evidence. Section 745 of the Local Agency Law, 2 Pa.C.S. § 754; *Moorehead v. Civil Service Commission of Allegheny County*, 769 A.2d 1233 (Pa.Cmwlth.2001).

8. Appellants also contend that the trial court's remedy, which results in the invalidation of Namiotka's promotion, is unfair to Namiotka and ignores his three plus years of service.

Appellants argue that if the trial court's order were to be honored, the City would be forced to remove Namiotka from the Lieutenant's position he has held since November 1, 2004, and replace him with McAndrew, which is both unfair to Namiotka and beyond the trial court's authority.

9. This Section provides that "[w]hen the conditions under which a test is held have materially impaired its competitive nature or worth in assessing qualifications, the Commission will order that the tests or appropriate sections thereof, if severable, be cancelled. New tests or parts of tests may be substituted therefore, if possible."

*See Trosky v. Civil Service Commission, City of Pittsburgh,* 539 Pa. 356, 652 A.2d 813 (1995). In *Trosky,* in early December 1990, nine vacancies for promotion to the rank of Sergeant were announced and a list of twenty-two qualified and eligible candidates was submitted to the director of the department of public safety.[10] The director selected nine candidates for promotion and in that process struck off the names of two officers, George Trosky and Victor Cirocco, as he believed he was able to do according to the city's civil service rules.

Trosky and Cirocco sought a hearing before the commission, were denied and proceeded to file an appeal to the common pleas court. The common pleas court ordered that they be promoted to the rank of sergeant with back-pay and benefits. An appeal to this Court followed and we affirmed the order of the common pleas court. Subsequently, the city and the commission filed a petition for allowance of appeal with the Pennsylvania Supreme Court and the same was granted.

Before the Supreme Court, the city argued that the only remedy available to Trosky and Cirocco for their improper removal from the eligibility list was reinstatement to the list. It asserted that any other action, especially the court-ordered promotion, usurped the authority and discretion of the director in determining promotions which was in direct contravention of Section 6 of the Police Civil Service Act. Finally, it argued that the relief granted by the common pleas court placed the officers in a better position than they would have been had their names not been removed, as they provided no evidence that they would have been selected.

To the contrary, Trosky and Cirocco argued that the common pleas court had the authority to order their promotion because it was the only available remedy and reinstatement to the eligibility list was no relief at all. The officers argued that the common pleas court's decision was proper pursuant to the law espoused in employment cases, according to the principles of local agency law and within the general powers of the court in fashioning an appropriate order.

The Supreme Court reversed the order of this Court and vacated the order of the common pleas court, concluding that the relief ordered by the latter was "substantially greater than was necessary" to achieve the objective of making the plaintiff whole, as far as possible, and securing justice to the injured party. *Trosky,* 652 A.2d at 817. The Court further considered the effect that the common pleas court's order had on the discretion vested in the director and concluded that the relief ordered "had the effect of interfering with the decision-making authority accorded by statute" as well as requiring the promotion of two officers whom the director might "lawfully have determined should not be promoted." *Trosky,* 652 A.2d at 818. Additionally, the Court noted that the relief ordered required the creation of two positions within the rank of Sergeant without any regard to the administrative consequences of such action.

■ Finally, the Supreme Court considered the specific harm to the officers and concluded that in order to return the parties to the position that they would have

10. According to Section 6 of the Police Civil Service Act, Act of August 10, 1941, P.L. 1189, *as amended,* 53 P.S. § 23535, the civil service commission "shall maintain a list of those persons qualified for promotion to the next superior position, from which list the director of the department of public safety shall make all promotions from among the first four names appearing on the list at the time the promotion is to be made...."

been in had no violation occurred, the City had to: (1) promote one candidate from among Trosky, Cirocco and two others to Sergeant; (2) ensure that the remaining officers had the opportunity to be placed on the eligibility list for the next promotion by sitting for the required test; (3) void any existing eligibility list; and (4) make no other promotions until the remaining officers had the opportunity to take the required examinations. In directing this result, the Court stressed that since neither the General Civil Service Act[11] nor the Police Civil Service Act specify what corrective measures are to be undertaken if the procedures required therein are not followed, "it is left to the courts to fashion such a remedy as may be just under the circumstances."[12]  *Trosky,* 652 A.2d at 817.

■ Based upon our Supreme Court's decision in *Trosky,* we must agree with Appellants that the trial court herein exceeded its authority in ordering that McAndrew be promoted to Lieutenant with back-pay, allowances, and seniority, as the Commission itself could not order such relief. Similar to *Trosky,* such relief, not authorized by the Rules, also interferes with the discretion and authority afforded to the appointing authority in this case, the Mayor. Under the Rules, the Mayor has wide discretion in selecting successful test-taking applicants from the Commission's certified eligible list for promotion. McAndrew's name properly appeared on all certified lists presented to the Mayor.

As to the remedy available to the trial court, we note that this Court has previously held that a common pleas court has

no authority to order a new promotional exam because the scheduling of such exams was within the discretion of the city personnel director and not the court. *See Walls v. City of Philadelphia,* 165 Pa. Cmwlth. 174, 646 A.2d 592 (1994), *petitions for allowance of appeal denied,* 538 Pa. 629, 646 A.2d 1181 (1994) and 540 Pa. 625, 657 A.2d 494 (1995). While the Rules provide some guidance for ordering a re-test in certain situations, such a situation does not exist here. For example, Section VII(4)(a)(2) of the Rules provides that in order to ensure the "[m]aintenance of competitive conditions", if the conditions under which a test was held have materially impaired its competitive nature or worth in assessing qualifications, the Commission can order a new test or re-test of the entire test or appropriate sections.

However, no allegations have been made in this case as to conditions that materially impaired the competitive nature of the test. Hence, this Section, allowing the Commission to order a re-test, does not apply to this case. Indeed, upon this Court's review of the evidence of record, including the Rules, we could find no section, nor do the parties cite any section, specifying what corrective measures are to be undertaken when a finding is made that the Rules have been violated. We agree with the trial court insofar as it concluded that the Commission acted wrongfully when it reduced the passing score after the test was administered and we affirm the decision and order of the trial court in this regard.

However, we disagree with the trial court insofar as it ordered that McAndrew

---

**11.** Act of May 23, 1907, P.L. 206, *as amended,* 53 P.S. §§ 23431—23462.

**12.** Nevertheless, we note that where an appellate court reverses the decision of an agency or lower tribunal, it cannot award relief

which could not have been awarded by that agency or lower tribunal. *See Northampton Convalescent Center v. Department of Public Welfare,* 550 Pa. 167, 703 A.2d 1034 (1997).

be promoted to the position of Lieutenant with all employment related incidentals. The trial court exceeded its authority with respect to this remedy and we reverse the decision and order of the trial court in this regard. The question remains, though, as to the proper remedy. In *Trosky,* the Court concluded that the common pleas court "must fashion such a remedy as may be just under the circumstances." *See Trosky,* 652 A.2d at 817. The Court in *Trosky* noted the various options available to the common pleas court, such as placement on an eligibility list for the next promotion, voiding an existing list and withholding promotions until a new list is created. The Court explained that the purpose of the remedy should be to return the party to the position he/she occupied prior to the inappropriate action, i.e., prior to the removal of the names of Trosky and Cirocco from the list. A similar remedy may be appropriate in the present case, but that is for the trial court to decide. Hence, we must remand this matter to the trial court for the imposition of a "just" and appropriate remedy.

Accordingly, the order of the trial court is affirmed in part and reversed and remanded in part, consistent with this opinion.

### ORDER

AND NOW, this 16th day of July, 2008, the order of the Court of Common Pleas of Lackawanna County (trial court), insofar as it concluded that the Municipal Civil Service Commission of Scranton, Pennsylvania acted wrongfully in reducing the passing score after the written examination was concluded, is hereby affirmed. The order of the trial court, insofar as it directed that Robert McAndrew be promoted to the position of Lieutenant with all employment related incidentals, is reversed. The matter is remanded to the trial court for the imposition of an appropriate remedy.

Jurisdiction relinquished.