IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul Grevy, Paul D. Morris, :
Micah Jones, Ronald Wilson, :
David Kearney, Andrew F. :
Mulson III, Thomas Minor, :
John Spencer, Marvin Melvin :
                             :
            v.               : No. 531 C.D. 2017
                             : Argued:  June 7, 2018
City of Philadelphia, Derrick J. V. :
Sawyer, Albert D'Attilio, Diane :
Schweizer, Mayor Michael A. Nutter :
                             :
Appeal of:  Paul Grevy, Andrew F. :
Mulson, III and Paul D. Morris :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  July 9, 2018


       Paul Grevy, Andrew F. Mulson III, and Paul D. Morris (Appellants) appeal from the April 4, 2017 order of the Court of Common Pleas of Philadelphia County (trial court) granting summary judgment in favor of Derrick J. V. Sawyer, Albert D'Attilio, Diane Schweizer, former Mayor Michael A. Nutter, and the City of Philadelphia (collectively, the City).  Appellants allege that the City violated ministerial provisions of the parties' collective bargaining agreement (CBA), civil service regulations, and the Home Rule Charter when it allowed candidates with

fewer than two years' experience to sit for a promotional examination. We affirm the trial court's order.

<u>Facts and procedural history</u>

In February 2015, the City's fire department announced a promotional examination for the position of fire captain, with an opening date of February 16, 2015, and a closing date of March 27, 2015. Reproduced Record (R.R.) at 97a-102a. At the time of the examination, Appellants were fire lieutenants with two years' experience.

Philadelphia Civil Service Regulation 7.08 provides that to be eligible to take the promotional examination, candidates must have two years' experience in grade within 30 days after the last date for filing an application, "unless the [City's Human Resources] Director determines that a later date is more appropriate in order to anticipate eligibility."[1] By setting an anticipated eligibility date of October 31,

_____

[1] In its entirety, Philadelphia Civil Service Regulation 7.08 (emphasis added) states:

> 7.08 DATE AS OF WHICH ELIGIBILITY IS DETERMINED. In determining whether a candidate possesses the announced requirements of education or number of years of experience or age or licensure or permanent Civil Service status or service in a department, the date as of which eligibility is determined shall be the thirtieth (30) day after the last date for filing applications for that examination *unless the Director determines that a later date is more appropriate in order to anticipate eligibility and specifies such later date in the announcement of the examination.* For a continuous examination the eligibility date shall be the date on which the application is filed.
>
> When the later date is later than the date on which the eligible list is established, a competitor passing the examination shall have his name placed on the eligible list but shall not be certified until and

2

2015, the Director's announcement allowed fire lieutenants with fewer than two years' experience in grade to sit for the captain's examination.

In August 2015, the department published a list of candidates eligible for promotion to the position of fire captain, ranking all lieutenants who sat for the exam in order of test scores and various other factors. The anticipated eligibility resulted in 90 promotional-eligible candidates for approximately 25 open positions, including several lieutenants who otherwise would not have qualified. Appellants were ranked below candidates who had anticipated eligibility dates of October 31, 2015, and were placed so far down the list as to preclude their promotion to fire captain during the life of the list.[2]

On December 22, 2015, Appellants filed a praecipe for writ of summons in the trial court. On March 21, 2016, the City filed a rule on Appellants to file their complaint or suffer a judgment of *non pros*. On August 2, 2016, Appellants filed their initial mandamus complaint, and they filed a second amended complaint on October 11, 2016. Appellants asked the trial court to strike the candidates who met the anticipated eligibility date, but not the two-year requirement at the actual test date, from the promotional list.

The City filed a motion for summary judgment, which the trial court granted on April 4, 2017. In its August 23, 2017 opinion, the trial court determined that Appellants failed to establish a clear legal right for a promotional examination

---

unless he has met all eligibility requirements on or before such later date.

Trial Court 4/4/17 Opinion at 5 n.2.

[2] A promotional list remains in force for a least one year from its inception but for no more than two years. Philadelphia Civil Service Regulation 10.071, R.R. at 61a. The promotional list at issue expired in August 2017.

that did not anticipate eligibility, and, therefore, they did not have a right to peremptory mandamus relief. Specifically, the trial court concluded that the plain language of Civil Service Regulation 7.08 afforded the Director discretion to decide the eligibility date for the promotional exam and rejected Appellants' argument that the Director's decision violated Section 3 of the parties' CBA. Appellants now appeal to this Court.[3]

## Issues

Appellants raise two issues on appeal: (1) whether the City violated the Home Rule Charter, the ministerial provisions of the parties' CBA, and applicable civil service regulations when it set an anticipated eligibility date for a promotional examination; and (2) whether the trial court erred in granting summary judgment where the court had the power to fashion a remedy in peremptory mandamus.

## Discussion

Appellants first assert that the City violated ministerial provisions of the parties' CBA, civil service regulations, and the Home Rule Charter when the Director set an "anticipated eligibility date" and thereby allowed candidates with fewer than two years' experience to sit for a promotional exam. Appellants'

---

[3] Our scope of review from the granting of a motion for summary judgment is plenary; the standard of review is whether the trial court committed an error of law or abused its discretion. *Borough of Riegelsville v. Miller*, 639 A.2d 1258, 1261 (Pa. Cmwlth. 1994). Summary judgment is proper only where there is no genuine issue concerning any material fact and the moving party is entitled to judgment as a matter of law. *Bailets v. Pennsylvania Turnpike Commission*, 123 A.3d 300, 304 (Pa. 2015). In considering a motion for summary judgment, the record must be viewed in the light most favorable to the non-moving party, and all doubts as to whether a genuine issue exists are resolved against the moving party. *Id.*

4

argument may be summarized as follows. The Home Rule Charter requires the Director to prepare and administer the civil service program under the civil service regulations.[4] The civil service regulations, in turn, authorize the Director to establish policies and procedures for the preparation and conducting of examinations, maintain a list of candidates, and establish an eligible list for various classes of positions as deemed necessary or desirable to meet the needs of the service.[5] The Director's determination as to what is "necessary or desirable to meet the needs of the service" is governed by the parties' CBA. Section 3 of the CBA requires the Testing and Examination Committee to meet regularly, and at least once before and after each examination.[6] In this case, the meetings of the Testing and Examination Committee were not held as required by Section 3 of the CBA, and the use of the anticipated eligibility date for the exam was not discussed or agreed to by the parties. Consequently, Appellants argue, the Director had no authority or discretion to make

---

[4] "All appointments and promotions to positions in the civil service shall be made in accordance with the civil service regulations." Philadelphia Home Rule Charter 7-300, R.R. at 68a.

[5] Philadelphia Civil Service Regulation 10.022, R.R. at 61a.

[6] Section 3(b) of the parties' CBA states:

> b. The parties shall form a joint Testing and Examination Committee composed of three representatives of Local 22 named by the President of Local 22 and three representatives of the City named by the Personnel Director, including one high ranking member of the Personnel Department. *The Testing and Examination Committee shall meet regularly and at least once before and after each examination and shall make non-binding recommendations to the City regarding the improvement of the testing and examination procedures.* Local 22 representatives shall recuse themselves from any meeting for which the particular representative is a candidate.

R.R. at 22a (emphasis added).

5

decisions regarding the competitive promotional examination, such as anticipating eligibility.

In response, the City contends that Appellants' mandamus claim necessarily fails because Appellants have not established a clear legal right to a promotional examination that does not anticipate eligibility. The City notes that the plain language of Philadelphia Civil Service Regulation 7.08, requiring two years' experience in grade "unless the Director determines that a later date is more appropriate in order to anticipate eligibility," unequivocally gives the Director the discretion to determine a later eligibility deadline for candidates who might want to take a promotional examination. Indeed, the phrase "unless the Director determines" expressly contradicts Appellants' argument that the Director's decision is ministerial rather than discretionary. The City also maintains that Section 3 of the parties' CBA does not give Appellants a clear legal right to a test that does not anticipate eligibility because it provides that the Testing and Examination Committee may only make *non-binding* recommendations to the City.

Appellants next argue that the trial court erred in entering summary judgment, because, under controlling law, the court had a power to fashion a remedy in peremptory mandamus. We disagree.

Mandamus is the proper remedy only where the plaintiff demonstrates: (1) a clear right to performance of a ministerial act or mandatory duty; (2) a corresponding duty on the defendant to perform that ministerial act or mandatory duty; and (3) the lack of any other appropriate or adequate remedy. *Equitable Gas Co. v. City of Pittsburgh*, 488 A.2d 270, 272 (Pa. 1985). "[M]andamus will not issue unless the right of the petitioner is clear and specific: it can never be invoked in a doubtful case. . . . To succeed in an action of mandamus, the plaintiff must show an

6

immediate, specific, well defined and complete legal right to the thing demanded." *Id.* at 272-73 (citations omitted).

An act is considered "ministerial" when a public official is "required to perform upon a given state of facts and in a prescribed manner in obedience to the mandate of legal authority." *Fagan v. Smith*, 41 A.3d 816, 818 (Pa. 2012). Mandamus cannot issue to compel performance of a discretionary act. *Id.*

As discussed above, Philadelphia Civil Service Regulation 7.08 affords the Director the discretion to determine a later eligibility deadline for candidates taking the promotional examination, and Appellants cite no language in the CBA that establishes a right to specific relief based on the failure of the Testing and Examination Committee to meet. Accordingly, Appellants failed to demonstrate that they were entitled to the remedy of mandamus,[7] and the trial court properly granted summary judgment to the City.

## Conclusion

Ultimately, Appellants cite no language in the Home Rule Charter, civil service regulations, or CBA that establishes a right to relief based either on the use of an anticipated eligibility date for the promotional examination or the failure to hold a timely meeting of the Testing and Examination Committee.[8]

---

[7] Appellants' reliance on *Trosky v. Civil Service Commission*, 652 A.2d 813 (Pa. 1995), and *McAndrew v. Municipal Civil Service Commission of Scranton*, 952 A.2d 1219 (Pa. Cmwlth. 2008), is misplaced. In those cases, the issues were not whether the parties were entitled to relief, but whether the relief granted was appropriate.

[8] Having determined that Appellants have not established a right to relief, we need not address the City's argument that, under Section 8 of the CBA (grievances involving certain contract violations may be initiated only by the union), Appellants do not have standing to seek mandamus.

7

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul Grevy, Paul D. Morris,                  :
Micah Jones, Ronald Wilson,                  :
David Kearney, Andrew F.                     :
Mulson III, Thomas Minor,                    :
John Spencer, Marvin Melvin                  :
                                             :
              v.                             : No. 531 C.D. 2017
                                             :
City of Philadelphia, Derrick J. V.          :
Sawyer, Albert D'Attilio, Diane              :
Schweizer, Mayor Michael A. Nutter           :
                                             :
Appeal of:  Paul Grevy, Andrew F.            :
Mulson, III and Paul D. Morris               :

O R D E R


AND NOW, this 9th day of July, 2018, the April 4, 2017 order of the

Court of Common Pleas of Philadelphia County is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge